BOARD OF EDUCATION OF CITY OF DETROIT *v.* CAMPBELL.

1. SCHOOLS AND SCHOOL DISTRICTS—AGENCY OF STATE WITH LIMITED POWERS—STATUTES.

> While school district of first class is body corporate, it is to be regarded as agency of State government with limited powers exclusively restricted to purposes of education (2 Comp. Laws 1929, §§ 7266–7329).

2. SAME—NOT MUNICIPALITIES IN FULL SENSE.

> School districts, although invested with certain corporate characteristics, are not municipalities nor public corporations in full sense, but, because of their restricted powers, are distinguished and recognized as *quasi* corporations.

3. SAME—PREFERENCE OF SOLDIERS FOR PUBLIC EMPLOYMENT—STATUTES.

> Statute preferring honorably discharged soldiers for public employments, and prohibiting their discharge without hearing, is not applicable to school districts; they not being among political subdivisions enumerated in act (1 Comp. Laws 1929, §§ 900, 901, as amended by Acts Nos. 66, 67, Pub. Acts 1931).

4. SAME—INTENT—ASSUMPTIONS—CONSTRUCTION OF STATUTES.

> Where legislature repeatedly amending statute preferring honorably discharged soldiers for public employments omitted employees of school districts from its provisions, it must be assumed that said omission was intentional (1 Comp. Laws 1929, §§ 900, 901, as amended by Acts Nos. 66, 67, Pub. Acts 1931).

Appeal from Wayne; Toms (Robert M.), J. Submitted October 16, 1931. (Docket No. 124, Calendar No. 36,013.) Decided December 8, 1931.

Bill by the Board of Education of the City of Detroit against Joseph A. Campbell for a declaration of rights under 3 Comp. Laws 1929, § 13903

*et seq.,* as to power to discharge honorably discharged war veteran.   Decree for plaintiff.   Defendant appeals.   Affirmed.

*Clarence E. Page,* for plaintiff.

*Payne & Payne* (*Thomas W. Payne,* of counsel), for defendant.

SHARPE, J.   Pursuant to the authority conferred on it by section 12, chap. 8, pt. 1, Act No. 319, Pub. Acts 1927 (2 Comp. Laws 1929, § 7277), the plaintiff adopted by-laws, two articles of which read as follows:

"All non-contract employees affected by the provision of this by-law are automatically retired at 70 years of age, effective August 15, 1931; provided that officers of the board of education and non-contract heads of administrative departments should be retired by the provision of article 24 of these by-laws.

"All contract employees who have reached the age of 70 shall be automatically retired at the end of the school year following their seventieth birthday; provided, that persons affected by this rule as of June, 1931, may be retained for one more school year if they can pass a satisfactory physical examination."

The defendant, an honorably discharged soldier, is a foreman in the electrical division of said board. Pursuant to the provisions of the by-laws above quoted, he was given notice of his retirement, effective as of August 15, 1931, with a pension of approximately $47.50 per month thereafter, for the reason that he had then reached the age of 70 years.   Upon receipt of such notice, he filed a protest with the board against such action.   It appears that many other employees of the plaintiff are affected by the same provisions.

The plaintiff thereupon, pursuant to the provisions of Act No. 36, Pub. Acts 1929 (3 Comp. Laws 1929, § 13903 *et seq.*), filed its petition herein for a declaration of the rights of the parties under the law applicable thereto.

Act No. 205, Pub. Acts 1897 (1 Comp. Laws 1929, §§ 900–903), was entitled "An act to prefer ex-soldiers for public employments." It applied only to "honorably discharged Union soldiers, sailors and marines of the late rebellion." It provided that removal or suspension should be had only after a hearing before, and written order made by, the mayor of the city or common council of the town. It was amended in 1899 (Act No. 85) to include "soldiers, sailors and marines of the late Spanish-American war." Amendment was again had in 1907 (Act No. 329) to provide for a hearing before the governor as well as the officials above named, and in 1919 (Act No. 224) by providing that the hearing should be had before the circuit court. Amendment was again made in 1923 (Act No. 88), and in 1931 by Acts Nos. 66 and 67. These latter acts were approved on May 4 and 5, 1931, respectively, and ordered to take immediate effect. So far as applicable to the question presented, the first two sections now read:

"SECTION 1. In every public department and upon the public works of the State and of every county and municipal corporation thereof honorably discharged Union soldiers, sailors and marines of the civil war, and honorably discharged soldiers, sailors and marines of the Spanish-American war, Philippine insurrection, China relief expedition, World war, and of every other war in which the United States of America has been a participant, shall be preferred for appointment and employment. * * *

"SEC. 2.   No veteran or other soldier, sailor or marine as indicated in the preceding section holding an office or employment in any public department or public works of the State or any county, city or township or village of the State except heads of departments, members of commissions, and boards and heads of institutions appointed by the governor and officers appointed directly by the mayor of a city under the provisions of a charter, and first deputies of such heads of departments, heads of institutions and officers, shall be removed or suspended, or shall, without his consent, be transferred from such office or employment except for official misconduct, habitual, serious or wilful neglect in the performance of duty, extortion, conviction of intoxication, conviction of felony, or incompetency; and such veteran shall not be removed, transferred or suspended for any cause above enumerated from any office or employment, except after a full hearing before the governor of the State if a State employee, or before the prosecuting attorney if a county employee, or before the mayor of any city or village, or before the commission of any such city or village operating under a commission form of government, if an employee of a city or village, or before the township board if a township employee, and at such hearing the veteran shall have the right to be present and be represented by counsel and defend himself against such charges."

The question presented is whether the employment of the defendant by the board of education entitles him to the benefits and privileges of the act.

The first sentence of section 12, chap. 8, pt. 1 of the 1927 act (2 Comp. Laws 1929, § 7277), above referred to, provides:

"The said board of education shall be a body corporate under the name and title of 'The board of education of the City of ————.' "

The act of which this chapter forms a part provides for a system of public instruction in the schools of this State, and this chapter is made applicable to districts having a population of more than 500,000, which are denominated "districts of the first class." While the plaintiff is a body corporate, it is to be regarded as an agency of the State government with limited powers exclusively restricted to purposes of education.

"Although invested with certain corporate characteristics to more efficiently serve the purpose for which they are created, school districts are not municipalities, nor public corporations in the full sense, but because of their very restricted powers are distinguished and recognized as *quasi* corporations." *Daniels* v. *Board of Education,* 191 Mich. 339, 347 (L. R. A. 1916 F, 468).

The status of a school district within the confines of a township was considered at length by Mr. Justice POTTER in the late case of *Ruppert* v. *Township School District,* 252 Mich. 482, and what was there said applies with equal force to the plaintiff district under the act by which it was created. The officers of townships, counties, and cities have no control over the officers of school districts.

Section 24 of this chapter reads:

"The board shall have full power over its teachers and all other employees, may specify the duties to be performed by them and fix the qualifications necessary for any position *notwithstanding any general or special law to the contrary.*" 2 Comp. Laws 1929, § 7289.

And section 53:

"School districts of the first class may exercise any of the powers enumerated in this chapter, and

shall have such rights as are herein given, and shall be governed hereby in respect to things herein stated, *notwithstanding the provision of any general law or special act to the contrary.*"  2 Comp. Laws 1929, § 7318.

(The italics are ours.)

Section 38 (2 Comp. Laws 1929, § 7303) provides for the retirement of employees other than teachers, and for the payment of a pension to them.

It will be noted that these provisions were incorporated into the law in 1927, subsequent to the enactment of Act No. 205, Pub. Acts 1897, as amended, above referred to.  It is not claimed by the board of education that the provisions of Act No. 205, as amended, are repealed thereby, but it is insisted that they clearly indicate that school districts are not among the political subdivisions enumerated in the act.

We are satisfied that a school district is not within the terms of the statute.  It is not a "public department," nor are its employees engaged "upon the public works of the State."  Neither can it be said to be a "municipal corporation" of the county.

The second section at first provided for a hearing before the mayor or common council.  Change was then made for such hearing before the circuit court. Under the 1931 amendment, the hearing is to be had before certain designated officials of the State, county, city, village, or township.  School districts are not mentioned in either section.  It must be assumed that the legislature well knew that such districts had many employees, and, in their consideration of the proposed legislation on so many occasions, intentionally omitted such employees from the provisions of the act.

We are in accord with the conclusion reached by the trial court:

"That it was not the intention of the legislature, as gathered from the provisions of the act in its entirety, that it should apply to school districts." (Act No. 205, Pub. Acts 1897, being 1 Comp. Laws 1929, §§ 900–903, as last amended by Acts Nos. 66 and 67, Pub. Acts 1931.)

The declaration of the rights of the parties as made by it is affirmed.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.