BEADLING v GOVERNOR OF MICHIGAN

Docket No. 51330. Submitted March 3, 1981, at Lansing.—Decided May 20, 1981.

John W. Beadling brought an action pursuant to the provisions of the preference in employment act for mandamus seeking to compel executive review of his discharge as director of the House Fiscal Agency. Ingham Circuit Court denied mandamus, James R. Giddings, J. Plaintiff appeals. *Held:*

1. The lower court erred in concluding that the Legislature intended to exclude itself from the proscriptions of the preference in employment act. The Legislature, upon reenactment of the act, can be presumed to have adopted the judicial construction of the act and to have intended to include its own employees within the act.

2. The denial of mandamus was nonetheless appropriate because application of the act to legislative employees is unconstitutional as violative of the separation of powers clause of the state constitution.

Affirmed.

1. MANDAMUS — GROUNDS FOR MANDAMUS.

A writ of mandamus is not issued as a matter of right but in the discretion of the issuing court and is governed by equitable principles; mandamus lies only where there is a clear legal duty incumbent on a defendant and a clear legal right in a plaintiff to the discharge of the duty and the specific act sought to be compelled is of a ministerial nature, prescribed and defined by law with such precision and certainty as to leave nothing to the exercise of discretion or judgment.

REFERENCES FOR POINTS IN HEADNOTES

[1] 52 Am Jur 2d, Mandamus §§ 32, 34, 63 *et seq.*
[2] 52 Am Jur 2d, Mandamus §§ 40, 71.
[3] 68 Am Jur 2d, Schools §§ 138-143.
[4, 6] 73 Am Jur 2d, Statutes §§ 145, 146.
[5] 73 Am Jur 2d, Statutes §§ 22, 322-324.
[7-9] 16 Am Jur 2d, Constitutional Law § 294 *et seq.*

2. MANDAMUS — APPEAL — STANDARD OF REVIEW.

   The Court of Appeals will not interfere with a lower court's denial of mandamus absent a clear abuse of discretion.

3. SCHOOLS — SCHOOL DISTRICTS — PREFERENCE IN EMPLOYMENT ACT — STATUTES.

   A school district is not within the confines of and thus is not bound by the provisions of the preference in employment act (MCL 35.401 *et seq.;* MSA 4.1221 *et seq.).*

4. STATUTES — JUDICIAL CONSTRUCTION.

   The primary rule of statutory construction is to determine and effectuate the intent of the Legislature.

5. STATUTES — JUDICIAL CONSTRUCTION — LEGISLATIVE REENACTMENT.

   The Legislature is presumed to be aware of judicial interpretation of a statute and when the statute is substantially reenacted the Legislature is deemed to have adopted that construction.

6. STATUTES — PREFERENCE IN EMPLOYMENT ACT — LEGISLATIVE INTENT.

   The Legislature can be presumed to have intended to include its own employees within the provisions of the preference in employment act (MCL 35.401 *et seq.;* MSA 4.1221 *et seq.).*

7. CONSTITUTIONAL LAW — SEPARATION OF POWERS — PREFERENCE IN EMPLOYMENT ACT — STATUTES.

   The provisions of the preference in employment act where applied to employees of the Legislature to allow executive overview of the discharge of such employees is unconstitutional in that its application would substantially impair the separation of powers clause of the state constitution (Const 1963, art 3, § 2, MCL 35.402; MSA 4.1222).

8. CONSTITUTIONAL LAW — SEPARATION OF POWERS.

   The powers of government are divided into three separate and coequal branches, and no person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in the state constitution (Const 1963, art 3, § 2).

9. CONSTITUTIONAL LAW — SEPARATION OF POWERS — LEGISLATIVE POWERS — PUBLIC EMPLOYEES.

   The Michigan Constitution expressly permits the Legislature to enact laws for the resolution of disputes involving public employees as limited by the separation of powers clause (Const 1963, art 3, § 2, art 4, § 48).

*Reid, Reid, Mackay, Emery & DeVine, P.C.,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Varda N. Fink,* Assistant Attorney General, for defendant.

Before: M. F. CAVANAGH, P.J., and ALLEN and J. H. GILLIS, JJ.

J. H. GILLIS, J. Plaintiff, Beadling, served as Director of the House of Representatives Fiscal Agency[1] since 1970. On January 27, 1977, he was fired from that position by the House Appropriations Committee. Plaintiff is also a veteran of the United States Navy, having been honorably discharged from that service branch in November of 1954.

On February 7, 1977, plaintiff wrote to the Governor and requested a hearing concerning his discharge pursuant to the preference in employment act, MCL 35.401 *et seq.;* MSA 4.1221 *et seq.*[2]

---

[1] The House Fiscal Agency was established by 1965 PA 412, as amended, MCL 4.326a; MSA 2.138(16a):

"There is created an agency to be known as the house fiscal agency to be of service to the appropriations committee of the house. It shall be governed by a committee of 3 members, including the chairman and 2 other members of the committee to be appointed by the chairman, 1 from the minority party."

As director of the agency, plaintiff was responsible for personnel matters, review of the Governor's proposed budgets, development of the Legislature's proposed budgets, analysis of bills introduced in the Legislature, as well as other special projects requested by members of the Appropriations Committee.

[2] MCL 35.402; MSA 4.1222 provides in part:

"No veteran or other soldier, sailor, marine, nurse or member of women's auxiliaries as indicated in the preceding section holding. an office or employment in any public department or public works of the state * * * shall be removed or suspended, or shall, without his consent, be transferred from such office or employment except for official misconduct, habitual, serious or willful neglect in the performance of duty, extortion, conviction of intoxication, conviction of felony, or incompetency; and such veteran shall not be removed,

Plaintiff received a response from the Governor one week later which indicated that appropriate action would be taken once an opinion from the Attorney General was received. Plaintiff waited for further reply and then commenced the present mandamus action on July 27, 1977. Following trial on a stipulated set of facts, the lower court denied mandamus relief. Plaintiff appeals as of right.

The issuance of a writ of mandamus is not a matter of right but is discretionary and is governed by equitable principles. *Board of Education of Oakland Schools v Superintendent of Public Instruction,* 401 Mich 37, 43-44; 257 NW2d 73 (1977).

"Mandamus lies only when there is a clear legal duty incumbent on the defendant and a clear legal right in the plaintiff to the discharge of such duty. *Miller v Detroit,* 250 Mich 633; 230 NW 936 (1930). The specific act sought to be compelled must be of a ministerial nature, that is, prescribed and defined by law with such precision and certainty as to leave nothing to the exercise of discretion or judgment. *Taylor v Ottawa Circuit Judge,* 343 Mich 440; 72 NW2d 146 (1955), *Bills v Grand Blanc Twp,* 59 Mich App 619; 229 NW2d 871 (1975), *State Board of Education v Garden City School Dist,* 62 Mich App 376; 233 NW2d 547 (1975)." *Board of County Road Comm'rs of the County of Oakland v State Highway Comm,* 79 Mich App 505, 509; 261 NW2d 329 (1977).

This Court will not interfere with the denial of mandamus relief absent a clear abuse of discretion. *Cyrus v Calhoun County Sheriff,* 85 Mich App 397, 399; 271 NW2d 249 (1978).

transferred or suspended for any cause above enumerated from any office or employment, except after a full hearing before the governor of the state if a state employee, * * * and at such hearing the veteran shall have the right to be present and be represented by counsel and defend himself against such charges * * *."

The lower court concluded that the Legislature did not intend to include itself within the provisions of the preference in employment act. This conclusion was reached through interpretation of the statutory authorization for the agency, MCL 4.326a; MSA 2.138(16a), and reliance on *Board of Education of City of Detroit v Campbell,* 256 Mich 350; 239 NW 370 (1931).

The *Campbell* decision concerned a bylaw adopted by the Detroit Board of Education requiring employees to retire at the age of 70. The defendant protested his mandatory retirement, alleging that it violated the act as applied to municipalities. The school board prevailed in a declaratory action, and the Supreme Court affirmed. The Court stated that school districts were not within the confines of the act since they were neither "public departments", "public works", nor "municipalities". Further, it was observed that the statute creating school districts gave school boards full power over their teachers and other employees "notwithstanding any general or special law to the contrary". The Court viewed that as evidence of a legislative intent to exclude school districts from the act. *Id.,* 354-355.

The statute creating the House Fiscal Agency lacks similar language and, therefore, does not by its own terms exclude the agency from the ambit of the preference in employment act. Further, it appears that the act itself includes the Legislature within the definition of "public department".

The primary rule of statutory construction is to determine and effectuate the Legislature's intent. *King v Director of Midland County Dep't of Social Services,* 73 Mich App 253, 258; 251 NW2d 270 (1977). The statute here was originally enacted as 1897 PA 205 and was designed to give preference

to Civil War veterans seeking employment in public departments and public works. However, the right to a hearing prior to discharge was only provided to veterans employed in public works.[3] Veterans working in public departments were provided the right to a hearing by a subsequent amendment to the act. 1907 PA 329.

The 1907 amendment was an apparent response to the narrow interpretation given to the act in *Ellis v Common Council of Grand Rapids,* 123 Mich 567, 569; 82 NW 244 (1900). In *Ellis,* the Supreme Court refused to extend the hearing right to veterans employed in public departments. The Court stated:

"A 'public department' is defined as 'a division of official duties or functions; a branch of government; a distinct part of a governmental organization: as, the legislative, executive, and judicial departments; the department of state, of the treasury, etc.' "

At the time, the Michigan Constitution divided the

---

[3] 1897 PA 205 provided in part:

"SECTION 1. *The People of the State of Michigan enact,* That in every public department, and all public departments in all municipal corporations, and upon the public works of the State of Michigan, honorably discharged union soldiers, sailors and marines of the late rebellion shall be preferred for appointment and employment; age, loss of limb or other physical impairment which does not, in fact, incapacitate, shall not be deemed to disqualify them: *Provided, however,* That the applicant shall have been a resident of the State for at least five years and of the county in which the office or position is located for at least two years and possesses other requisite qualifications.

"SEC. 2. No veteran holding an office or employment in the public works of any city or town of the State shall be removed or suspended, or shall, without his consent be transferred from such office or employment, except after a full hearing before the mayor of such city or before the common council of such town, and at such hearing the veteran shall have the right to be present and to be represented by counsel. Such removal, suspension or transfer, shall be made only upon a written order of the mayor or of the common council."

government into three "departments": the legislative, executive, and judicial. Const 1850, art 3, § 1.

The Legislature is presumed to be aware of judicial interpretation of a statute, and when the statute is substantially reenacted the Legislature is deemed to have adopted that construction. *Jeruzal v Wayne County Drain Comm'r,* 350 Mich 527, 534; 87 NW2d 122 (1957). Here, the Legislature can be presumed to have adopted the *Ellis* definition of public department and to have intended to include its own employees within the act.

Nevertheless, the act is unconstitutional when applied in this manner. Article 3, § 2 of the 1963 Constitution provides:

"The powers of government are divided into three branches: legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution."

This section makes it clear that the three government branches are to be separate and coequal. *In the Matter of the Petition for a Representation Election Among Supreme Court Staff Employees,* 406 Mich 647, 662; 281 NW2d 299 (1979). The concept of separation of powers would be violated if the executive branch was allowed to judge the competency of a discharged employee of the legislative branch and order reinstatement. Plaintiff's position was one of some sensitivity within the legislative process. His responsibilities included review of the Governor's proposed budgets and development of the Legislature's proposed budgets. To permit executive overview of that position would allow a dangerous incursion into the legislative realm.

While the constitution expressly permits the

Legislature to enact laws for the resolution of disputes involving public employees, Const 1963, art 4, § 48,[4] that provision is inapplicable in this situation since it would otherwise substantially impair the separation of powers clause. *Cf., People v Blachura,* 390 Mich 326, 333; 212 NW2d 182 (1973).

In summary, although the lower court erred in concluding that the Legislature intended to exclude itself from the preference in employment act, denial of mandamus relief was nonetheless appropriate as application of the statute to legislative employees is unconstitutional.

Affirmed.

---

[4] Const 1963, art 4, § 48 provides:

"The legislature may enact laws providing for the resolution of disputes concerning public employees, except those in the state classified civil service."