DILLARD v WAYNE COUNTY PROSECUTING ATTORNEY

Docket No. 53084. Submitted May 11, 1981, at Detroit.—Decided October 9, 1981. Leave to appeal applied for.

Herman L. Dillard, a court reporter for Detroit Recorder's Court, was fired by the chief judge of Recorder's Court. Dillard entered a timely objection to the dismissal and demanded a hearing under the Veterans' Preference Act. A hearing was subsequently convened at which time the acting Wayne County prosecuting attorney determined that Dillard was not a county employee and was not entitled to a hearing before the prosecutor. Dillard sought mandamus relief in the Wayne Circuit Court. Roland L. Olzark, J., held that the plaintiff was a county employee under the Veterans' Preference Act, and was entitled to a hearing before the prosecutor. The prosecuting attorney appeals. *Held:*

Dillard should not be considered a county employee. As a court reporter he is an employee of the Recorder's Court, a subdivision of Michigan's one court of justice. The fact that the plaintiff is actually paid by the county is irrelevant.

Reversed.

Counties — Court Reporters — Veterans' Preference Act — Statutes.

A court reporter for Detroit Recorder's Court is not an employee of Wayne County within the coverage of the Veterans' Preference Act; although his salary is paid by the county he is an employee of the court, a subdivision of Michigan's one court of justice (MCL 35.401 *et seq.;* MSA 4.1221 *et seq.).*

*Kurzman & Phelan,* for plaintiff.

*William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals,

References for Points in Headnote

[1] 77 Am Jur 2d, Veterans and Veterans' Laws §§ 122, 124.

Rights of non-civil service public employees, with respect to discharge or dismissal, under state veterans' tenure statutes. 58 ALR2d 960.

and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for defendant.

Before: D. F. WALSH, P.J., and D. C. RILEY and R. D. KUHN,* JJ.

PER CURIAM. Defendant appeals the circuit court's order that plaintiff is entitled to a hearing under the Veterans' Preference Act, MCL 35.401 *et seq.;* MSA 4.1221 *et seq.,* before the county prosecutor.

Plaintiff, a court reporter for Recorder's Court, was fired by the chief judge on August 30, 1978. Plaintiff entered a timely objection to the dismissal and demanded a hearing under the Veterans' Preference Act. On July 11, 1979, a hearing was convened before Dominick Carnovale, acting as prosecutor for Wayne County. Carnovale determined that plaintiff was not a county employee and, therefore, not entitled to a hearing before the prosecutor.

On July 31, 1979, plaintiff sought mandamus relief in the Wayne County Circuit Court. On July 25, 1980, the circuit court concluded that plaintiff was a county employee for purposes of the statute and, therefore, qualified for a hearing before the county prosecutor.

The sole issue on appeal is whether plaintiff is a county employee within the meaning of the Veterans' Preference Act. We hold that he is not and reverse the decision of the circuit court.

The Veterans' Preference Act provides that:

"[n]o veteran * * * holding an office or employment in any public department or public works of the state or any county, city or township or village of the state * * * shall * * * be removed, transferred, or suspended

---

* Circuit judge, sitting on the Court of Appeals by assignment.

\* \* \* except after a full hearing before the governor of the state if a state employee, or before the prosecuting attorney if a county employee \* \* \*." MCL 35.402; MSA 4.1222.

In *Judges of the 74th Judicial Dist v Bay County,* 385 Mich 710, 723; 190 NW2d 219 (1971), the Court stated:

"Employes *[sic]* of the district court are employees of the judicial district, an administrative unit of the state's one district court, which in turn is a subdivision of Michigan's one court of justice. They are not employees of the county, city or other district control unit, even though they are paid by the district control unit."

See also *Wayne Circuit Judges v Wayne County,* 386 Mich 1; 190 NW2d 228 (1971).

We are persuaded that plaintiff cannot be considered a county employee. As a court reporter he is an employee of the Recorder's Court, a subdivision of Michigan's one court of justice. The fact that plaintiff is actually paid by the county is irrelevant. *Judges of the 74th Judicial Dist v Bay County, supra.*

The decision of the circuit court is reversed.