INGHAM COUNTY EMPLOYEES' ASSOCIATION v INGHAM
CIRCUIT COURT

Docket No. 101428. Submitted March 15, 1988, at Lansing. Decided
May 5, 1988.

Alfred G. Johnson, a court stenographer for the Ingham Circuit
Court, was discharged from employment for insubordination
after he refused to end a romantic relationship with a woman
who was convicted and put on probation by the Ingham Circuit
Court. Johnson initially received unemployment compensation.
However, on appeal the Ingham Circuit Court reversed the
award of benefits, finding that termination was properly based
on misconduct. The Court of Appeals, in an unpublished opin-
ion, affirmed the circuit court. The Ingham County Employees'
Association, Johnson's union, and Johnson brought an action in
the Ingham Circuit Court against the Ingham Circuit Court
and its chief judge, Michael G. Harrison, alleging that the
termination of Johnson's employment was in violation of the
court stenographer act and the Veterans' Preference Act.
Plaintiffs sought Johnson's reinstatement with back pay. The
circuit court, Gordon W. Britten, J., entered a judgment of no
cause of action finding that Johnson had engaged in both
"misconduct" as defined under the court stenographer act and
"official misconduct" as defined under the Veterans' Preference
Act. Johnson then filed an action in federal district court,
alleging violations of the Veterans' Preference Act, the court
stenographer act, 42 USC 1983 and US Const, Am I and Am
XIV. This action was subsequently dismissed by stipulation.
Johnson and his union appealed from the circuit court's judg-
ment.

The Court of Appeals *held:*

1. No relevant distinction exists between "misconduct,"
which disqualifies an individual from receiving unemployment
benefits, and "official misconduct" under the Veterans' Prefer-

REFERENCES

Am Jur 2d, Veterans and Veterans' Laws § 114.5.

Am Jur 2d, Unemployment Compensation §§ 52 *et seq.*

Conduct or activities of employees during off-duty hours as miscon-
duct barring unemployment compensation benefits. 35 ALR4th
691.

ence Act. As this Court has already affirmed the lower court's finding of misconduct, plaintiffs may not relitigate this issue.

2. The dismissal with prejudice of the federal suit, which arose out of the same facts, amounted to an adjudication of the merits of this action and bars this action.

3. Johnson is not entitled to back pay under the Veterans' Preference Act. The act entitles veterans removed from public employment to back pay only in situations where they are reinstated.

Affirmed.

1. STATUTES — VETERANS' PREFERENCE ACT — "OFFICIAL MISCON-
   DUCT."

   No relevant distinction exists between "misconduct," which dis-
   qualifies an individual from receiving unemployment compensa-
   tion benefits, and "official misconduct," for which dismissal of a
   veteran from public employment would not be violative of the
   Veterans' Preference Act (MCL 35.401 *et seq.*; MSA 4.1221 *et
   seq.*).

2. STATUTES — VETERANS' PREFERENCE ACT — REINSTATEMENT AFTER
   DISCHARGE — BACK PAY.

   The Veterans' Preference Act entitles veterans removed from
   public employment to back pay only in situations where they
   are reinstated (MCL 35.402; MSA 4.1222).

*Hankins & Associates, P.C.* (by *Dan E. Hankins*), for Alfred G. Johnson.

*Cohl, Salstrom, Stoker & Aseltyne, P.C.* (by *Patrick A. Aseltyne*), for defendants.

Before: GRIBBS, P.J., and BEASLEY and G. A. DRAIN,* JJ.

PER CURIAM. Plaintiff, Alfred G. Johnson, appeals as of right from a June 8, 1987, no cause judgment entered in favor of defendants, Ingham Circuit Court and Ingham Circuit Judge Michael G. Harrison. Plaintiff had challenged his termination from employment as a court stenographer as

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

violative of both the court stenographer act[1] and the Veterans' Preference Act.[2]

Plaintiff was employed as a circuit court reporter for Ingham Circuit Court Judge Thomas L. Brown from about February, 1980, until April 8, 1983. During that time, plaintiff began to date a probationer of Judge Brown's court. The probationer had been convicted of welfare fraud. Plaintiff was the court reporter for her trial and sentencing. In the late summer of 1982, Judge Brown learned of the relationship. He advised plaintiff that the probationer was appealing her conviction. Judge Brown told plaintiff that he would not permit him to date the probationer and that plaintiff was not to see her further. Plaintiff agreed to stop seeing the probationer. He temporarily ended the relationship, but resumed it after about a month.

In March, 1983, Judge Brown discovered that plaintiff was again dating the probationer. Judge Brown confronted plaintiff, who explained that he had attempted to break off the relationship but failed. Plaintiff told Judge Brown that he wished to continue dating the probationer. Judge Brown advised plaintiff that his services were no longer necessary and that he was discharged effective April 8. Judge Brown advised Chief Judge Harrison of the matter, and Judge Harrison made plaintiff's termination official. A March 25, 1983, letter stated that plaintiff was discharged for insubordination.

On April 12, 1983, plaintiff applied for unemployment benefits. He was awarded benefits after an initial interview and defendants appealed. After various stages of review, the circuit court found that, because plaintiff violated the agree-

[1] MCL 600.1100 et seq.; MSA 27A.1101 et seq.

[2] MCL 35.401 et seq.; MSA 4.1221 et seq.

ment made with Judge Brown, he had engaged in misconduct. The court reversed the award of benefits. This Court affirmed the trial court's decision.[3]

On April 15, 1983, plaintiff filed a petition in the circuit court to have his termination rescinded. He also requested various public officials to hold a Veterans' Preference Act hearing. On August 12, 1987, the same judge who decided the MESC appeal conducted the Veterans' Preference Act and court stenographer statute hearing. In lieu of conducting a full hearing, the parties stipulated that the court could use plaintiff's MESC record. On May 8, 1987, the court found that plaintiff had engaged in both "misconduct" as defined under the court stenographer act and "official misconduct" as defined under the Veterans' Preference Act. The court entered the no cause judgment from which plaintiff now appeals.

Finally, on May 20, 1986, plaintiff filed suit in the United States District Court for the Western District of Michigan, bringing claims under the Veterans' Preference Act, the court stenographer act, 42 USC 1983, and US Const, Am I and Am XIV. On May 5, 1987, by stipulation of the parties, the case was dismissed with prejudice.

On appeal, plaintiff contends that he did not engage in "official misconduct" within the meaning of the Veterans' Preference Act.[4] We see no relevant distinction between "misconduct," which disqualifies an individual from receiving unemployment benefits,[5] and "official misconduct" under the Veterans' Preference Act. This Court, in the MESC appeal, has already affirmed the lower court's finding of misconduct, a finding which the

[3] *Johnson v Ingham Co,* unpublished opinion per curiam of the Court of Appeals, decided March 12, 1987 (Docket No. 84732).

[4] MCL 35.402; MSA 4.1222.

[5] MCL 421.29(1)(b); MSA 17.531(1)(b).

parties fully litigated. Plaintiff may not relitigate the same issue.[6]

The dismissal with prejudice of plaintiff's federal suit also bars this action.[7] Because plaintiff's federal suit arose out of the same facts, its dismissal with prejudice amounts to an adjudication of the merits. This holds true even though plaintiff filed the federal suit after commencing the instant action.[8]

Finally, plaintiff claims he is entitled to an award of back pay because he was denied a timely hearing under the Veterans' Preference Act. MCL 35.402; MSA 4.1222 entitles veterans removed from public employment to back pay only in situations where they are reinstated. We also are reluctant to award back pay in situations where a discharge is substantially proper but procedurally deficient.[9] Because defendants discharged plaintiff for cause, he suffered no economic loss. An award of back pay would serve only to penalize defendants. The record reveals that the delay in holding a Veterans' Preference Act hearing resulted primarily from confusion over who would hold the rather unusual hearing.[10] Under these circumstances, we do not believe an award of back pay would deter future procedural errors and are not inclined to award back pay.

Affirmed.

---

[6] *Cogan v Cogan,* 149 Mich App 375; 385 NW2d 793 (1986).

[7] *Brownridge v Michigan Mutual Ins Co,* 115 Mich App 745; 321 NW2d 798 (1982).

[8] *Id.,* p 750.

[9] See *Ferrario v Escanaba Bd of Ed,* 426 Mich 353; 395 NW2d 195 (1986).

[10] See *Dillard v Wayne Co Prosecutor,* 110 Mich App 310; 313 NW2d 106 (1981); *Beadling v Governor of Michigan,* 106 Mich App 530; 308 NW2d 269 (1981).