GINSBURG v. McBRIDE.

1. APPEAL AND ERROR—JUDGMENT—CORRECTING JUDGMENT.
   Where four separate actions on three promissory notes and check were tried simultaneously, and, through inadvertence in instructions, one verdict was returned, on which judgment was entered, and no injustice resulted to defendant from setting aside judgment and entering four judgments for respective amounts of plaintiff's claims with interest, aggregating amount found by jury to be due from defendant to plaintiff, reversal should not be had therefor (3 Comp. Laws 1915, § 12480).

2. BILLS AND NOTES—HOLDER IN DUE COURSE—TRIAL—INSTRUCTIONS.
   In actions on promissory notes and check, *held*, that defendant's claim that plaintiff was not holder in due course was properly submitted to jury, and that there was no error in admission or rejection of testimony relating thereto.

3. ACTION—SPLITTING CAUSE OF ACTION—SEPARATE ACTIONS MAY BE BROUGHT ON SEPARATE NOTES.
   Single promissory note gives rise to single cause of action which cannot be split; but different notes, although between same parties, give rise to different causes of action, upon which separate actions may be maintained.

4. Same.

> Where plaintiff was holder of three promissory notes and check,
> all past due, each note and check constituted single demand,
> and although plaintiff might have joined demands in one ac-
> tion, he was under no legal obligation to do so, and properly
> brought four separate actions.

Error to Wayne; Murphy (Alfred J.), J. Sub-
mitted June 18, 1929. (Docket Nos. 22, 23, 24, and
25; Calendar Nos. 34,265, 34,266, 34,267, and 34,268.)
Decided October 7, 1929.

Assumpsit by Max Ginsburg against James F.
McBride on four promissory notes. From judg-
ments for plaintiff, defendant brings error. Af-
firmed.

*Fixel & Fixel (S. B. Barron, of counsel), for
plaintiff.*

*Benjamin Robinson, for defendant.*

Sharpe, J. Plaintiff brought four actions in jus-
tice's court in the city of Detroit against defendant.
Three of them were based on promissory notes in
the sum of $500 each, and the fourth on a check for
$67.50. He had judgment in each case for the full
amount claimed. Defendant took an appeal in each
case to the circuit court. At the opening of the trial,
there was request by counsel that the four cases be
tried together. The court said: "Each case is be-
ing tried and all four are being tried simultaneously.
Of course, there is no waiver of any defense that is
properly interposed;" to which both counsel as-
sented. The notes and check were not made pay-
able to the plaintiff. The defense insisted that he
was not a holder in due course, and that defendant
was entitled to a set-off as against the payee in the

sum of $1,400. The trial court submitted this contention to the jury, and they found for the plaintiff. By inadvertence, they were not instructed to return a verdict in each of the cases, and that rendered was for $1,612.50, the total amount of all of the claims and interest thereon.

1. On defendant's motion for judgment *non obstante veredicto* and for a new trial, the court's attention was called to the form of the verdict and that a judgment had been entered thereon. He thereupon, on plaintiff's motion, set aside the judgment entered, and four judgments were then entered for the respective amounts of plaintiff's claims and interest thereon, aggregating, however, the amount found by the jury to be due from the defendant to the plaintiff. It is apparent that no injustice resulted from the course pursued, and reversal should not be had because of it. 3 Comp. Laws 1915, § 12480; *Frederick* v. *Mecosta Circuit Judge,* 52 Mich. 529.

2. Plaintiff's testimony and that of Samuel Pelavin, from whom he purchased the securities, tended to prove that he was a holder in due course. Defendant's claim in that respect was properly submitted to the jury. We find no error in the admission or rejection of testimony relating thereto.

3. It is urged that as the plaintiff might have brought an action in the circuit court to recover on the notes and check, they having all been due at the time the actions were begun, he thereby split his cause of action, and "Therefore the justice had no jurisdiction to try these causes, nor the circuit court on appeal, and adjudicate them."

The rule is well established that, in the absence of an agreement to the contrary, a plaintiff cannot divide a claim against another and make it the sub-

ject of several actions. Should he do so, the judgment first recovered is a bar to a second or subsequent action for the residue of the claim. This court has so held as to claims arising out of running accounts, upon the ground that it is implied from the nature of the dealings that all the items are part of one continuing transaction, and will be regarded as representing a single demand. *Kruce* v. *Biscuit Co.,* 198 Mich. 736, and cases cited. But each of these notes and the check constituted a single demand. They might have been transferred to different persons and an action brought by the several holders for recovery. While plaintiff might have joined these demands in one action, he was under no legal obligation to do so. Nonjoinder is no defense. While the notes and check may have grown out of the same transaction, they do not constitute an entire demand. A different defense might have been made in each action. In 1 C. J. p. 1115, the rule is thus stated:

"A single promissory note gives rise to a single cause of action which cannot be split; but different notes, although between the same parties, give rise to different causes of action upon which separate actions may be maintained."

Among the cases cited in the footnote is *Nathans* v. *Hope,* 77 N. Y. 420. We quote from the syllabus:

"The holder of several past due promissory notes, against the same parties, may bring separate actions upon each; and a recovery in one, and satisfaction of the judgment, is not a bar to the other actions.

"The fact that the notes were given upon settlement of one and the same demand does not make each a part of the original demand, so as to compel the bringing of a single action upon all of the notes."

In our opinion, the several actions were properly brought, and the defense interposed without merit.

The other errors assigned have been considered. They present no reversible error.

The several judgments are affirmed.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred. The late Justice FELLOWS took no part in this decision.