### BERGERON v BUSCH

Docket No. 199130. Submitted October 8, 1997, at Detroit. Decided March
17, 1998, at 9:00 A.M. Leave to appeal sought.

Donald D. Bergeron and others, alleging that Timothy R. Busch and
others had provided them investment advice that was erroneous,
brought an action raising state-law claims against Busch and others
in the Oakland Circuit Court and an action in the federal district
court raising federal law claims against Busch and others. The
defendants successfully sought removal of the state court action to
the federal court. Although no formal order of consolidation was
entered, the two cases were treated as consolidated cases. Pursu-
ant to the parties' stipulation, the federal court dismissed with
prejudice claims brought under federal securities law, state securi-
ties law, and the Racketeer Influenced and Corrupt Organizations
Act. The federal district court also granted summary judgment for
the defendants with respect to a claim brought under the Employee
Retirement Income Security Act. Finally, finding no federal pre-
emption, the federal court declined to exercise pendent jurisdiction
over the remaining state-law claims and remanded those claims to
the Oakland Circuit Court. The defendants filed a motion for sum-
mary disposition in the circuit court, seeking dismissal on the basis
of res judicata. The circuit court, Fred M. Mester, J., denied the
motion. The Court of Appeals denied the defendants leave to
appeal. The Supreme Court, in lieu of granting leave to appeal,
remanded the matter to the Court of Appeals for consideration as
on leave granted. 453 Mich 946 (1996).

The Court of Appeals *held*:

When, as in this case, the federal claim in a federal action is dis-
missed before trial and it is clear that the federal court would have
declined pendent jurisdiction over a related state claim, a subse-
quent action in state court on the state claim is not barred by res
judicata.

Affirmed.

HOEKSTRA, J., dissenting, stated that the analysis adopted by the
majority requires courts to speculate over whether the federal
court would have declined pendent jurisdiction over state claims
and allows plaintiffs to split their causes of action, the precise

result that res judicata seeks to avoid. The plaintiffs' state court
action should be barred by res judicata and the matter should be
remanded to the circuit court for entry of an order of dismissal.

JUDGMENTS — RES JUDICATA — STATE AND FEDERAL CLAIMS — FEDERAL COURT
    DECLINATION OF PENDENT JURISDICTION — SUBSEQUENT STATE COURT
    ACTION.
    Res judicata does not bar a second action involving a state-law claim
    in state court where the first action was in federal court, the fed-
    eral claim in the federal action was dismissed before trial, and it is
    clear that the federal court would have declined pendent jurisdic-
    tion over the related state claim.

*Joseph H. Spiegel* and *MacAloon, Feldman & Wein-
garden* (by *Barry M. Feldman*), for the plaintiffs.

*Plunkett & Cooney, P.C.* (by *Michael J. Barton*), for
the defendants.

Before: CORRIGAN, C.J., and GRIFFIN and HOEKSTRA,
JJ.

GRIFFIN, J. This case is before us as on leave
granted pursuant to a remand from the Supreme
Court. *Bergeron v Busch*, 453 Mich 946 (1996).
Defendants appeal the order of the lower court deny-
ing their motion for summary disposition pursuant to
MCR 2.116(C)(7) and for reconsideration. We affirm.

I

The present action was filed in the Oakland Circuit
Court and was one of two suits pending against
defendants arising out of alleged erroneous invest-
ment advice. The case at issue sought relief under
various state common-law theories, state securities
fraud statutes, the Michigan Consumer Protection
Act, and the Racketeer Influenced and Corrupt Orga-
nizations Act (RICO). Plaintiffs simultaneously filed a
second action in the federal district court seeking

recovery under the Employee Retirement Income Security Act (ERISA), as well as federal securities fraud statutes. Defendants removed the state court action to the federal court on the basis of federal question jurisdiction under the RICO. The two cases were thereafter treated as consolidated in federal court, although no formal order of consolidation was entered. Subsequently, pursuant to the parties' stipulation, the federal and state securities fraud claims and the RICO claims were dismissed with prejudice. Defendants then moved for summary judgment with regard to the remaining claims and prevailed with respect to the ERISA claim. However, finding that there was no federal preemption, the federal court declined to exercise supplemental jurisdiction over the state-law claims, denied, without prejudice, defendants' motion to dismiss the state-law claims, and granted plaintiffs' motion to remand the state-law claims to the Oakland Circuit Court for adjudication.

After remand, defendants moved to dismiss the state court action on the basis of res judicata. The trial court denied defendants' motion, holding that because the federal court did not rule on the state-law claims, there was no prior adjudication on the merits. The sole issue on appeal is whether the trial court erred in denying defendants' motion under MCR 2.116(C)(7) to dismiss on the basis of the doctrine of res judicata.

II

The applicability of res judicata is a legal question that this Court reviews de novo. *Eaton Co Bd of Rd Comm'rs v Schultz*, 205 Mich App 371, 375; 521 NW2d 847 (1994). Michigan has adopted a broad application

of res judicata that bars claims arising out of the same transaction that plaintiff could have brought but did not. *Jones v State Farm Mut Automobile Ins Co*, 202 Mich App 393, 401; 509 NW2d 829 (1993). The doctrine serves a two-fold purpose: to ensure the finality of judgments and to prevent repetitive litigation.[1] However, in order for the first action to bar the second, res judicata requires that (1) the prior action was decided on the merits, (2) the matter contested in the second case was or could have been resolved in the first, and (3) both actions involved the same parties or their privies. *Energy Reserves, Inc v Consumers Power Co*, 221 Mich App 210, 215; 561 NW2d 854 (1997); *Eaton Co Bd of Rd Comm'rs, supra.*

As a preliminary matter, we are convinced in this case that the requisite similarity in the identity of the parties and claims in the state and federal proceedings is evident from a thorough review of the record. Both the state and federal complaints are based on identical factual allegations arising out of the same transactions and involving the same parties. Both lawsuits are the result of alleged erroneous financial advice that occurred during the same time frame and involved essentially the same assets and investments. The only cognizable difference between the lawsuits are the theories of relief.

---

[1] As noted in *Krolik & Co v Ossowski*, 213 Mich 1, 7; 180 NW 499 (1920): "The law abhors multiplicity of suits. Attempts to split a claim into separate causes of action have often met with disfavor." See also *Rogers v Colonial Federal Savings & Loan Ass'n*, 405 Mich 607; 275 NW2d 499 (1979); *Loud v General Builders Supply Co*, 249 Mich 331; 228 NW 715 (1930); *Ginsburg v McBride*, 248 Mich 221; 226 NW 873 (1929); *Carter v Southeastern Michigan Transportation Authority*, 135 Mich App 261, 263; 351 NW2d 920 (1984); *Eyde v Meridian Charter Twp*, 118 Mich App 43, 50; 324 NW2d 775 (1982).

We initially note that no federal rule prohibited plaintiffs from filing the two actions involved in this case. Unlike MCR 2.203(A)(1), the federal court rules do not require a plaintiff in federal court to assert all claims arising out of the same transaction in one action. FR Civ P 18(a). Nevertheless, a plaintiff's ability to split his cause of action is limited by the doctrine of claim preclusion/res judicata. See *J Z G Resources, Inc v Shelby Ins Co*, 84 F3d 211 (CA 6, 1996) (successive federal actions); *Cemer v Marathon Oil Co*, 583 F2d 830 (CA 6, 1978) (federal action followed by state action removed to federal court); *Norman Tobacco & Candy Co v Gillette Safety Razor Co*, 295 F2d 362 (CA 5, 1961) (parallel federal actions); see, generally, 6A Wright & Miller, Federal Practice & Procedure (2d ed), § 1582, p 525. Thus, the instant case turns on how we treat the federal court's pendent jurisdiction over state-law claims for purposes of res judicata. This Court has considered the res judicata effects of the federal court's pendent jurisdiction on two occasions, in *King v Michigan Consolidated Gas Co*, 177 Mich App 531; 442 NW2d 714 (1989), and *Brownridge v Michigan Mut Ins Co*, 115 Mich App 745, 750-751; 321 NW2d 798 (1982).

In *King, supra*, the plaintiff filed an action in state court alleging racial discrimination in violation of state and federal civil rights statutes and breach of contract. The defendant removed the action to federal court, which declined to exercise pendent jurisdiction over the state-law claims and remanded them back to the state court. Following a trial, a federal jury returned a verdict of no cause of action with respect to the federal claim. The state court then granted the defendant's motion for summary disposition, ruling

that the state civil rights claim was barred by res judicata. On appeal, this Court held that the doctrine of res judicata did not preclude adjudication of the plaintiff's state civil rights claim in the state court:

> Since plaintiff's state Civil Rights Act claim was not decided on the merits and was not dismissed with prejudice by the federal court, that claim should not be barred by the doctrine of res judicata. The federal court's decision in declining to exercise jurisdiction over the pendent state law claims in this case did not constitute an adjudication on the merits and should not create a situation in which the plaintiff's remanded state claims may be barred by the doctrine of res judicata. In this case, plaintiff did not split his causes of action and prudently raised all of his claims in one complaint. Accordingly, we find that the doctrine of res judicata is not applicable under the facts of this case and that the trial court erred in holding that plaintiff's state Civil Rights Act claim was barred by res judicata. [*King, supra* at 536.]

In contrast to the plaintiff in *King, supra,* plaintiffs in the instant case did split their cause of action. Although the federal court treated the instant plaintiffs' federal and state cases as consolidated and rendered one order encompassing both actions, the act of consolidation alone does not preclude the application of res judicata. Consolidation is permitted "as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v Manhattan R Co,* 289 US 479, 496-497; 53 S Ct 721; 77 L Ed 1331 (1933). See also *Beil v Lakewood Engineering & Mfg Co,* 15 F3d 546, 551 (CA 6, 1994); *Kraft, Inc v Local Union 327, Teamsters,* 683 F2d 131, 133 (CA 6, 1982); *State Mut Life Assurance Co of America v Deer Creek Park,* 612 F2d 259, 267 (CA 6,

1979); *People ex rel MacMullan v Babcock,* 38 Mich App 336, 342-343; 196 NW2d 489 (1972). Accordingly, *King* is factually distinguishable.

*Brownridge, supra,* is the second decision of our Court to address the res judicata effects of the federal court's pendent jurisdiction. In *Brownridge,* the plaintiff commenced an action in federal court for discrimination under federal law. The plaintiff ultimately stipulated the court's dismissal of her claim with prejudice. A week before the federal court entered the final order, the plaintiff commenced an action in state court for wrongful discharge. Applying Michigan's broad rule of res judicata, this Court held that res judicata barred the claim because it arose out of the same transaction as the federal discrimination claim. This Court determined that the plaintiff could have asserted the wrongful discharge claim in the federal action because the federal court could have exercised pendent jurisdiction over it. This Court declined to speculate whether the federal court would have actually exercised jurisdiction, reasoning that the plaintiff's failure to assert the claim in the federal action deprived the federal court of the opportunity to exercise its discretion to hear the state-law claim. *Brownridge, supra* at 748-749.

The federal court in the instant case, contrary to the situation in *Brownridge,* had the opportunity to exercise its discretion and in fact did so, choosing to decline to exercise pendent jurisdiction over the state-law claims because the federal basis for the lawsuit no longer existed. Thus, like *King, supra,* the *Brownridge* decision is factually distinguishable from the present circumstances.

In our view, the Restatement Judgments, 2d provides the best legal position on this issue. The present situation is squarely addressed by comment e and illustration 10 of the Restatement Judgments, 2d, § 25, pp 213-214:

> e. *State and federal theories or grounds.* A given claim may find support in theories or grounds arising from both state and federal law. When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (*or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion*), then a second action in a competent court presenting the omitted theory or ground should be held not precluded. . . .
>
> \*   \*   \*
>
> 10. A commences an action against B in a federal court for treble damages under the federal antitrust laws. After trial, judgment is entered for the defendant. A then seeks to commence an action for damages against B in a state court under the state antitrust law grounded upon substantially the same business dealings as had been alleged in the federal action. Even if diversity of citizenship between the parties did not exist, the federal court would have had "pendent" jurisdiction to entertain the state theory. Therefore *unless it is clear that the federal court would have declined as a matter of discretion to exercise that jurisdiction (for example, because the federal claim, though substantial, was dismissed in advance of trial)*, the state action is barred. [Emphasis added.]

The comment and illustration are derived from *United Mine Workers v Gibbs*, 383 US 715, 725-727; 86

S Ct 1130; 16 L Ed 2d 218 (1966), in which the Court
stated:

> Pendent jurisdiction . . . exists whenever there is a [fed-
> eral] claim . . . and the relationship between that claim and
> the state claim permits the conclusion that the entire action
> before the court comprises but one . . . "case." The federal
> claim must have substance sufficient to confer subject mat-
> ter jurisdiction on the court. The state and federal claims
> must derive from a common nucleus of operative fact . . .
> such that he [the plaintiff] would ordinarily be expected to
> try them all in one judicial proceeding. . . .
>
> [Pendent jurisdiction] need not be exercised in every
> case in which it is found to exist. It has consistently been
> recognized that pendent jurisdiction is a doctrine of discre-
> tion, not of plaintiff's right. . . . Certainly, if the federal
> claims are dismissed before trial, even though not insub-
> stantial in a jurisdictional sense, the state claims should be
> dismissed as well. Similarly, if it appears that the state
> issues substantially predominate, whether in terms of proof,
> of the scope of the issues raised, or of the comprehensive-
> ness of the remedy sought, the state claims may be dis-
> missed without prejudice and left for resolution to state
> tribunals. [Citations omitted.]

The federal court's pendent jurisdiction is discre-
tionary, and the federal court should "consider and
weigh in each case, and at every stage of the litiga-
tion, the values of judicial economy, convenience,
fairness, and comity in order to decide whether to
exercise jurisdiction over a case brought in that court
involving pendent state-law claims." *Carnegie-Mellon
Univ v Cohill*, 484 US 343, 350; 108 S Ct 614; 98 L Ed
2d 720 (1988). Where the court dismisses all the fed-
eral claims before trial, the court normally should
decline to exercise jurisdiction over the state-law
claims and dismiss them. *Id.* at 350, n 7 and accompa-
nying text. In lieu of dismissal, however, the court

may remand to the state court a removed case involving pendent claims. *Id.* at 357. In most cases, remand is preferable to dismissal for the sake of judicial economy. *Id.*; *Lee v City of Beaumont,* 12 F3d 933, 937 (CA 9, 1993). Of course, the federal court may in some cases retain jurisdiction over state claims. See *Lee, id.* at 937.

We are persuaded by and hereby adopt the Restatement position with regard to this issue because it best accounts for the discretionary nature of pendent jurisdiction. The federal court's continuing duty to review throughout the litigation whether to exercise pendent jurisdiction stems from the doctrine's underpinnings —judicial economy and comity. *Carnegie-Mellon, supra* at 349-350. The Restatement approach gives due deference to the comity aspect of the federal court's pendent jurisdiction because, if not for the federal question involved, the state-law claims would not fall within the federal court's jurisdiction and res judicata would not bar a subsequent state court action asserting the claims.

Consistent with *Gibbs* and the Restatement, most state and federal courts have held that when the federal claim in a federal action is dismissed before trial and it is clear that the federal court would have declined to exercise jurisdiction over a related state claim that could have been raised in the federal action through pendent jurisdiction, a subsequent action in state court on the state claim that would have been dismissed without prejudice in the prior federal action is not barred by the doctrine of res judicata. See, e.g., *Parks v City of Madison,* 171 Wis 2d 730; 492 NW2d 365 (1992) (and cases cited therein); *Sattler v Bailey,* 184 W Va 212; 400 SE2d 220

(1990) (and citations therein); *Merry v Coast Community College Dist*, 97 Cal App 3d 214; 158 Cal Rptr 603 (1979). See, generally, Note, *The res judicata implications of pendent jurisdiction*, 66 Cornell L R 608 (1981).[2] We adopt this rule and, pursuant to it, affirm the decision of the lower court. Plaintiff's state-law claims are not barred by res judicata.

Affirmed.

CORRIGAN, C.J., concurred.

HOEKSTRA, J. (*dissenting*). I respectfully dissent.

The majority opinion sets forth the three requirements of res judicata. That two of the three have been met is not disputed. First, the state and federal suits shared the same parties and privities. Second, the dismissal of the federal claims by the federal court constituted a ruling on the merits. The analysis

---

[2] The Restatement approach does not encourage the practice of claims-splitting such as occurred initially in the present circumstances. On the contrary, in most cases, it forces the plaintiff who asserts both federal and state claims to choose one forum carefully because the plaintiff has a difficult task in showing that the federal court would not have exercised pendent jurisdiction in a case where the court entered judgment after trial:

When the plaintiff fully litigates his federal claim in federal court, that court clearly has the power to hear a closely related pendent claim and will usually choose to exercise pendent jurisdiction. Unless the plaintiff can persuade the state court that the federal court would have declined pendent jurisdiction because of the importance of the state claim or because of possible jury confusion, the state court must bar him from bringing a second action. Although courts will not always exercise their discretion to hear a pendent claim, the *Restatement Second* forces the plaintiff to assert his state claim in federal court, or risk forfeiting his right to pursue it in any other forum. [66 Cornell L R, *supra* at 618.]

Moreover, even where the federal court disposes of the federal claims before trial, collateral estoppel may bar the plaintiff from relitigating factual issues in a subsequent state action.

in this case turns on the remaining third requirement,
i.e., whether the claims raised in the state litigation
were or could have been resolved in the federal litiga-
tion. The precise issue in this case requires us to
determine the preclusive effect of a federal court
summary judgment rejecting a plaintiff's federal claim
on the plaintiff's subsequent state court action to
enforce related state claims.

As a threshold matter, I note my areas of agree-
ment with the majority. The majority correctly
decides that the federal claims and the state claims
arise out of the same factual transaction. The major-
ity also correctly demonstrates that plaintiffs could
have tried all their claims in the federal court,
although no federal rule of civil procedure prohibited
plaintiffs from filing two actions. Last, the majority
correctly finds no merit in plaintiffs' argument about
consolidation, which was that the doctrine of res judi-
cata did not apply to this case because the dismissal
of the federal claim was actually only a partial dismis-
sal of a single action.[1]

---

[1] Arguably, consolidation never occurred in this case because no formal
order of consolidation was entered in the federal case as required by FR
Civ P 42(a). However, even assuming that consolidation occurred because
the proceedings in the federal court were consistent with consolidation,
federal courts have consistently held that consolidation does not merge
separate lawsuits. No Michigan case addresses whether consolidation
merges two individual causes of action, but the language of the Michigan
court rule on consolidation, MCR 2.505, is indistinguishable from the fed-
eral rule, FR Civ P 42(a). Therefore, the reasoning of the federal rule logi-
cally applies with equal force to consolidation issues raised in state litiga-
tion. See 3 Martin, Dean & Webster, Michigan Court Rules Practice, pp 80-
81. In addition to the cases cited by the majority for this proposition, see
also *Red Lake & Pembina Bands v Turtle Mountain Band of Chippewa
Indians*, 355 F2d 936, 938, n 8 (Ct Cl, 1965) (noting that consolidation
does not cause actions to lose their separate identity), and *Zdanok v Glid-
den Co, Durkee Famous Foods Div*, 327 F2d 944, 950, n 6 (CA 2, 1964)
(same). Accordingly, neither defendants' removal of the state action to the

I believe that the proper legal conclusion to draw
from the facts in this case is that the lower court
erred in denying defendants' motion for summary dis-
position because the dismissal of plaintiffs' federal
action with prejudice, which was a suit separate from
the state action, requires dismissal of the state action
by operation of the doctrine of res judicata. This
Court in *Brownridge v Michigan Mut Ins Co*, 115
Mich App 745; 321 NW2d 798 (1982), reached a simi-
lar conclusion where the plaintiff commenced an
action against the defendant in both federal and state
courts. See also *Carter v Southeastern Michigan
Transportation Authority*, 135 Mich App 261, 263;
351 NW2d 920 (1984); *Ingham Co Employees' Ass'n v
Ingham Circuit Court*, 170 Mich App 118, 122; 428
NW2d 7 (1988). In *Brownridge, supra* at 748, both of
the plaintiff's actions arose out of the same transac-
tion, involved points that properly belonged to the
subject of the litigation, and involved the same matter
in issue. Emphasizing the origins of the plaintiff's
claims, this Court stated that it saw no reason why
the existence of the federal court's discretion in exer-
cising pendent jurisdiction over the plaintiff's state
claims should limit the res judicata effect of a federal
judgment where the plaintiff had not given the federal
court an opportunity to exercise its jurisdiction. *Id.* at
749.

Here, too, plaintiffs failed to give the federal court
an opportunity to exercise jurisdiction over both its
federal and state-law claims. Instead, plaintiffs chose
to split their cause of action and file two separate

federal court nor the federal court's subsequent de facto consolidation of
the two actions effaces the individual nature of plaintiffs' separately filed
federal and state lawsuits.

complaints, one in federal court and one in state court, thereby creating multiple litigation from the same operative facts. Therefore, on the principles espoused in *Brownridge*, this Court should find that application of the doctrine of res judicata in this case bars plaintiffs' claims in state litigation because the state claims could have been resolved in the federal litigation. However, the majority declines to follow the holding in *Brownridge*, despite conceding that plaintiffs' two suits arose from the same factual transaction, that plaintiffs' two suits could have been joined in one federal action, and that plaintiffs' two suits retained their individual character at the federal level. Indeed, the majority appears to overrule this Court's holding in *Brownridge* without explicitly stating so.

The majority instead attempts to fit this case within an exception to the doctrine of res judicata found in the Restatement Judgments, 2d. Specifically, the majority relies on a caveat within comment e to § 25 of the Restatement, which states that a second action is not precluded by operation of the doctrine of res judicata where the court having jurisdiction of the first action would clearly have declined to exercise jurisdiction over the second as a matter of discretion. For support, the majority quotes the Supreme Court's language on pendent jurisdiction in *United Mine Workers v Gibbs*, 383 US 715, 725-727; 86 S Ct 1130; 16 L Ed 2d 218 (1966), and cites a line of cases from other state courts deciding what facts will satisfy the determination that the court in the first action would "clearly have declined" to exercise jurisdiction over the entire cause of action, see *Parks v City of Madison*, 171 Wis 2d 730; 492 NW2d 365 (1992); *Satt-*

*ler v Bailey*, 184 W Va 212; 400 SE2d 220 (1990); *Merry v Coast Community College Dist*, 97 Cal App 3d 214; 158 Cal Rptr 603 (1979).

Like the majority in this case, these state courts interpret the caveat to mean that it is "clear" that a federal court would have declined pendent jurisdiction over a state claim when the federal court decides the federal claim by summary judgment. *Parks, supra* at 739; *Sattler, supra* at 218-219; *Merry, supra* at 225-227. Moreover, this line of cases holds that res judicata would not bar a subsequent state action even where the plaintiff did not seek the federal court's pendent jurisdiction over the state claim, which is what occurred in this case. *Parks, supra* at 739, n 4; *Sattler, supra* at 218-219; *Merry, supra* at 226-230. With little discussion of the "clarity" ostensibly required by the Restatement in this case, the majority therefore concludes in this case that application of the doctrine of res judicata does not bar litigation of plaintiffs' state claims because the federal judge dismissed the federal action.

I am unpersuaded by the majority's reliance on this interpretation of the caveat in comment e. In my opinion, the majority's interpretation depends on the precarious proposition that the decision of the federal judge to dismiss plaintiffs' federal claims and decline supplemental jurisdiction of plaintiffs' state claims "clearly" indicates that the federal court would not have jointly resolved plaintiffs' state and federal issues had they been originally filed as one suit in the federal court. In contrast, I perceive no factual basis upon which to believe that, at the outset of this litigation, plaintiffs' decision to file separate lawsuits in the state and federal courts was predicated upon a belief

that the federal court would decline to exercise juris-
diction over their state-law claims. Here, the federal
court unhesitatingly assumed jurisdiction when
defendants petitioned for removal of plaintiffs' sepa-
rately filed state claims. Only after all the federal
claims had been resolved by either voluntary dismis-
sal or summary judgment did the federal court
decline supplemental jurisdiction over plaintiffs' state
claims and order them remanded to the state court.

Other courts have likewise been critical of this
interpretation of the caveat in comment e. Specifi-
cally, courts have found the interpretation unwork-
able because it requires a court to engage in "specula-
tive gymnastics," *Nwosun v General Mills Restau-
rants, Inc*, 124 F3d 1255, 1258 (CA 10, 1997), "pure
speculation," *Gilles v Ware*, 615 A2d 533, 541 (DC
App, 1992), or "prognosticative futility," *Anderson v
Phoenix Investment Counsel, Inc*, 387 Mass 444, 451;
440 NE2d 1164 (1982). The District of Columbia Court
of Appeals emphasized that "[a] federal court is not
obliged automatically to dismiss a pendent state claim
if it grants summary judgment on a federal claim."
*Gilles, supra* at 541. The court also pointed out the
inherently contradictory concept of "predicting that a
court will 'clearly' decline to do something that is a
matter of 'discretion.'" *Id.* Similarly, the majority
relies on the holding in *Gibbs, supra* at 726 where the
Supreme Court stated, "[c]ertainly, if the federal
claims are dismissed before trial, even though not
insubstantial in a jurisdictional sense, the state claims
should be dismissed as well." However, the Supreme
Court has since clarified this statement in *Gibbs* and
held that it "does not establish a mandatory rule to be
applied inflexibly in all cases." *Carnegie-Mellon Univ*

*v Cohill*, 484 US 343, 350, n 7; 108 S Ct 614; 98 L Ed
2d 720 (1988).

Indeed, a second line of cases proffers an interpretation of the caveat in comment e different from and more persuasive than the post hoc analysis proposed by the majority. This second line of cases holds that in order to show that the court in the first action would "clearly have declined" to exercise jurisdiction over the whole action, a plaintiff must file the state claim in federal court, invoke the court's pendent jurisdiction, and thus build a record reflecting the court's exercise of discretion over pendent jurisdiction.[2] This interpretation of the caveat is aptly

---

[2] See *Nwosun, supra* at 1258 ("We are persuaded that uncertainty over whether a federal court would have exercised pendant jurisdiction does not justify a conclusion that a plaintiff was denied a full and fair opportunity to litigate a claim."); *Gilles, supra* at 541; *Reeder v Succession of Palmer*, 623 So 2d 1268, 1274 (La, 1993) ("In view of the breadth of the federal trial courts' discretion and the necessary indeterminancy of the discretionary standards, in order for a subsequent court to say that a federal district court clearly would have declined its jurisdiction of a claim not filed, the subsequent court must find that the previous case was an exceptional one which clearly and unmistakably required declination. The rules do not countenance a plaintiff's action in failing to plead a theory in a federal court with the hope of later litigating the theory in a state court as a second string to his bow."); *Anderson, supra* at 1169 (holding that it is not enough that federal court possibly or probably would have dismissed the pendent state claims); *Hayes v Town of Orleans*, 39 Mass App Ct 682, 686; 660 NE2d 383 (1996) ("Their voluntary choice of timing and their failure to amend cannot be permitted to subvert the strong policy underlying the doctrine of res judicata."); *Blazer Corp v New Jersey Sports & Exposition Authority*, 199 NJ Super 107, 112; 488 A2d 1025 (1985) (holding that a plaintiff who does not raise state claims in a federal court action will be barred from thereafter asserting them in state court); *Rennie v Freeway Transport*, 294 Or 319, 327; 656 P2d 919 (1982) ("We are convinced that the better rule, the one more consonant with the policies behind res judicata, is that a plaintiff must attempt to have all claims against a defendant arising out of one transaction adjudicated in one court in one proceeding, at least insofar as possible, despite the fact that the various claims may be based on different sources of law."); *Mohamed v Exxon Corp*, 796 SW2d 751, 756-757 (Tex App, 1990) (holding that when no effort was made to present state claims to federal court, state court

expressed within the reporter's notes to § 25, which state that "in cases of doubt, it is appropriate for the rules of res judicata to compel the plaintiff to bring forward his state theories in the federal action, in order to make it possible to resolve the entire controversy in a single lawsuit." Restatement Judgments, 2d, § 25, p 228.

Therefore, if plaintiffs wished to preserve their state claims, then they were obligated to plead them in the federal court because there is no reason to believe that it was "clear" at the outset of this litigation that the district court would have declined to exercise pendent jurisdiction over the state claims. FR Civ P 18; *Federated Dep't Stores, Inc v Moitie*, 452 US 394, 404; 101 S Ct 2424; 69 L Ed 2d 103 (1981) (Blackmun, J., concurring); *Gilles, supra* at 543.

> The reason for this rule is evident. The rule of res judicata is designed to forestall a plaintiff from getting "two bites at the apple." We cannot countenance a plaintiff's action in failing to plead a theory in a Federal court with the hope of later litigating the theory in a State court because it was possible, or even probable, that the Federal court would have declined to exercise its pendent jurisdiction. Rather, such a plaintiff should plead his State claim in the Federal court and if that court fails to hear the claim the plaintiff may then ordinarily file suit in a State court. [*Anderson, supra* at 452.]

I would therefore reject plaintiffs' contention that they were not required to plead related state claims in

---

must presume that federal judgment is res judicata). For a reverse set of facts, see also *Heyliger v State Univ & Community College System of Tennessee*, 126 F3d 849, 854 (CA 6, 1997) (citing comment e as authority for holding that pursuant to doctrine of claim preclusion, the plaintiff's earlier title VII suit in state court bars him from bringing a subsequent title VII action in federal court).

their federal complaint because defendants subsequently sought removal of the state claims to the federal court and the federal court granted summary judgment with regard to the federal claims.

In essence, my disagreement with the majority stems from a differing opinion about which point in the litigation is relevant to the analysis of the three requirements for applying the doctrine of res judicata. The majority's point of convergence is the federal court's disposition of plaintiffs' claims, whereas I believe the focus should be on the origin of plaintiffs' claims. By focusing its analysis on the federal court's dismissal of plaintiffs' claims, the majority overlooks an important characteristic of the doctrine of res judicata. The doctrine does not apply when a court itself splits a cause of action, either by dismissing a claim without prejudice attributed to the litigant, *Wildfong v Fireman's Fund Ins Co*, 181 Mich App 110; 448 NW2d 722 (1989), or by declining jurisdiction on a pendent state claim, *King v Michigan Consolidated Gas Co*, 177 Mich App 531; 442 NW2d 714 (1989). Rather, the doctrine applies when the litigant splits the cause of action. See, e.g., *Aquatherm Industries, Inc v Florida Power & Light Co*, 84 F3d 1388, 1395 (CA 11, 1996).

Ironically, the majority acknowledges the strong public policies at work in this case. In its first footnote, the majority quotes our Supreme Court's statements in *Krolik & Co v Ossowski*, 213 Mich 1, 7; 180 NW 499 (1920), that "[t]he law abhors multiplicity of suits" and that "[a]ttempts to split a claim into separate causes of action have often met with disfavor." It cannot be disputed that plaintiffs in this case split their cause of action, even though, by exercising reasonable diligence, plaintiffs could have brought all

issues arising from the allegedly erroneous invest-
ment advice in a single proceeding. This result is pre-
cisely what the doctrine of res judicata seeks to
avoid. See, e.g., *Detroit v Nortown Theatre, Inc*, 116
Mich App 386; 323 NW2d 411 (1982).

Because all requirements for applying the doctrine
of res judicata in this case have been met, I would
reverse the order of the trial court and remand for
entry of an order dismissing plaintiffs' claims against
defendants.