**Richard PRYOR and Capitol Avenue Homes, Inc., Plaintiffs–Appellants,**

**v.**

**CITY OF LANSING, Defendant–Appellee.**

**No. 01–2745.**

United States Court of Appeals, Sixth Circuit.

July 16, 2003.

Before: KENNEDY and COLE, Circuit Judges; and WILLIAMS, District Judge.*

KENNEDY, Circuit Judge.

Richard Pryor and Capitol Avenue Homes, Inc.[1] appeal the district court's summary judgment in favor of the City of Lansing (City). We AFFIRM the judgment of the district court for the following reasons.

I.

On August 20, 1993, Pryor purchased two undeveloped platted lots (Lots 40 and 41 in the Frank L. Dodge Subdivision) with frontage on Capitol Avenue, an unimproved public road, and two houses located at 113 and 119 West North Street from the City for $400 at a public auction. The sale of the houses and lots were subject to conditions set forth in Resolution 363, which was passed by the Lansing City Council on June 28, 1993. The conditions, in relevant part, included:

(1) That each structure would be offered for sale along with a vacant building site on North Capitol Avenue being part of Lots 40 and 41, Dodge Park Addition.

(2) That the moving costs will be the sole responsibility of the purchaser.

(3) That the rehabilitation costs are the responsibility of the purchaser and must be completed within one year of the date of the relocation.

. . .

(6) That the purchaser is responsible for the extension of all utility service from North Street to the building site, including but not limited to storm and sanitary sewer, water, electrical and gas services.

(7) That the purchaser will be responsible for street improvements, including curb and gutter.

Pryor filed three Letters of Intent (dated October 25, 1993, October 31, 1995, and January 18, 1996) requesting permission to bring sanitary sewer service to the houses, which had been relocated to the North Capitol Avenue lots. At an unknown point in time, Pryor also submitted engineering drawings, prepared by Kyes Engineering, for the proposed sanitary sewer extension to the Capitol Avenue properties.[2]

The January 18, 1996 Letter of Intent was accepted by the City on January 31, 1996, subject to standard conditions preprinted on the Letter of Intent application. In correspondence also dated January 31, 1996, a city engineering assistant advised Kyes Engineering of the specific plan revisions necessary for the construction to be approved. Kyes Engineering submitted its revised sanitary sewer extension design with correspondence dated November 25, 1996. Pryor did not pursue the matter any further.

* Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

1. Richard Pryor is the sole shareholder in Capitol Homes, Inc.

2. The record indicates that the plans were marked as Kyes drawing number 93–35, which suggests that the plans were first prepared in 1993.

On June 1, 1995, Pryor petitioned to vacate the North Capitol Avenue right-of-way. On October 3, 1995, the Lansing Planning Board unanimously recommended approval of the vacation to the City Council. On November 7, 1995, the City Council's Committee on Physical Development tabled the request to permit study by an absent member. Pryor did not pursue the matter any further.

Pryor then filed suit in state court alleging (1) false advertisement and misrepresentation under the Michigan Consumer Protection Act, M.C.L. § § 455.901 et seq. (2) fraud, and (3) breach of contract. The named defendants were two city engineers, Robert Clegg and Robert Rose, Mayor David Hollister, and the City of Lansing. On December 11, 1996, the county circuit court granted summary disposition in favor of the City on all claims. On May 18, 1999, the Michigan Court of Appeals affirmed.

While Pryor's state court appeal was pending, he filed suit in federal court under 42 U.S.C. § 1983 claiming (1) that City Engineers Robert Clegg and Robert Rose's failure to process his sanitary sewer applications denied him his property without procedural due process, and (2) that their conduct violated Pryor's right to free speech because it was in retaliation for Pryor's criticism of them. On June 11, 1999, the district court granted summary judgment in favor of the defendants, holding that Pryor failed to identify what constitutional procedural due process rights he had been deprived him of, and that Pryor failed to demonstrate that the defendants had taken any adverse actions against him or that there was any basis to infer retaliation.

On April 28, 2000, counsel for Capitol Avenue Homes, Inc., sent a letter to the current City Engineer asking what it needed to do to comply with Resolution 363. The City responded by letter dated June 14, 2000, answering each question based on the requirements of Resolution 363 and the applicable city ordinances and design standards.

Plaintiffs filed the instant action on August 27, 2001 alleging (1) that the City's demand that Plaintiffs "acquire additional property, build[ ] the City's infrastructure on it, and giv[e] it to the City for free" constitutes a taking of private property without compensation in violation of the Fifth Amendment, as applied through the Fourteenth Amendment, and (2) that the City's demand that Plaintiffs "build the City's infrastructure as a precondition to providing City services" is a violation of the Equal Protection Clause of the Fourteenth Amendment because the City is treating Plaintiffs differently than similarly situated developers. On November 29, 2001, the district court granted summary judgment in favor of the City. Plaintiffs filed a timely appeal.

## II. Discussion

The district court's summary judgment decision is reviewed *de novo*. Plaintiffs contend that the district court erred when it granted summary judgment in favor of the City, finding that Plaintiffs' claims were barred by the prior federal and state litigation. This Court applies its own rules of claim and issue preclusion when determining the preclusive effect of a prior federal court action. *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 462–63 (6th Cir.1999). We apply a state's rules regarding claim and issue preclusion when determining the preclusive effect of a prior state court action. *Spence v. TRW, Inc.*, 92 F.3d 380, 382 (6th Cir.1996). As an initial matter, we note that in their arguments regarding the applicability of preclusion rules to this action, the parties do not dispute that the previous federal and state actions were decided on the merits or that the actions involved the same parties.

On the basis of the parties agreement as to these matters, we consider the previous litigation decided on the merits and the parties the same for the purpose of this case.

### A.

■ Plaintiffs' Takings and Equal Protection claims are precluded by the previous federal court action. In the Sixth Circuit, claim preclusion applies to a subsequent federal court action if (1) the prior federal action was decided on the merits; (2) the subject matter contested in the second federal case was or could have been resolved in the first federal case; and (3) both actions involved the same parties or their privies. *Frank's Nursery*, 177 F.3d at 462. With respect to element two, the claims litigated in the first federal action and the claims presented here arise out of the same transaction: specifically the sale contract executed by Pryor and the City regarding the purchase and improvement of the houses and the North Capitol Avenue lots.

Plaintiffs' contention that the present claims are not precluded because the City has committed a new or continuing violation of his constitutional rights by allegedly changing the infrastructure design requirements applicable to the project is without merit. In the first federal action, City Engineer Clegg testified that city staff had suggested that Pryor might be able to get approval to construct private sanitary sewer leads, rather than a public sewer, and to construct a private road, rather than a public street. Clegg, however, lacked authority to change the conditions of the contract executed by the parties. Changes to the conditions set forth in Resolution 363 could only be executed by mutual agreement of the City Council and Pryor. Subsequent correspondence from the City makes clear that the City has not changed the conditions it seeks to impose on the project and that the City expects Plaintiffs to improve the North Capitol Avenue properties in accordance with Resolution 363.

### B.

■ Plaintiffs' Takings and Equal Protection claims are also precluded by the previous state court action. Under Michigan law, claim preclusion applies to a subsequent state court action if (1) the former suit was decided on the merits; (2) the subject matter raised in the second action was or could have been resolved in the former action; and (3) both actions involve the same parties or their privies. *Bergeron v. Busch*, 228 Mich.App. 618, 620–21, 579 N.W.2d 124 (1998). Michigan Court Rules in effect at the time of the state litigation provided that:

> Failure to object in a pleading, by motion, or at a pretrial conference to improper joinder of claims or failure to join claims required to be joined constitutes a waiver of the joinder rules, and the judgment shall only merge the claims actually litigated. This rule does not affect collateral estoppel or the prohibition against relitigation of a claim under a different theory.

Mich. Ct. R. 2.203(A)(2) (repealed June 1, 1999). Plaintiffs contend that because the City did not object to Pryor's failure to join all his claims, the City waived the joinder rules and the state court judgment only merged the claims actually litigated. The district court rejected this argument, noting that claim preclusion still applies to the state court action by the plain terms of the rule. We agree. Notwithstanding the scope of the waiver exception Rule 2.203(A)(2) attempted to create, it is clear that the rule did not intend to prevent the application of the common law rules of collateral estoppel (issue preclusion) and claim preclusion.

Plaintiffs further argue that Michigan law does not bar this action because the

facts alleged in connection with Pryor's state court action could not support either a Takings or Equal Protection claim. In support of this argument, Plaintiffs point to *Board of County Commissioners for County of Eaton v. Schultz*, in which the court refused to preclude a claim raised in a subsequent action even though the claim could have been raised as a counterclaim in the first action on the ground that causes of actions and defenses should not be treated interchangeably for the purposes of claim preclusion. 205 Mich.App. 371, 376, 521 N.W.2d 847 (1994). In *Sprague v. Buhagiar*, however, the court precluded a claim under the same circumstances. 213 Mich.App. 310, 539 N.W.2d 587 (1995). The Michigan Court of Appeals has noted but not resolved this split of authority. *Karp v. Michigan Nat'l Bank*, 2001 WL 721383 (Mich.App. Feb.27, 2001) (unpublished). Even if the exception recognized by the *Eaton County* court is approved by the Michigan Supreme Court, the rule has no application in this case because Plaintiffs present claims could not have arisen as a defense in the previous state court action.

As the Michigan Supreme Court has observed, " 'Michigan courts have broadly applied the doctrine of res judicata. They have barred, not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not.' " *Sewell v. Clean Cut Mgmt.*, 463 Mich. 569, 621 N.W.2d 222, 226 (2001) (quoting *Gose v. Monroe Auto Equip. Co.*, 409 Mich. 147, 294 N.W.2d 165 (1980)). The claims litigated in the state court action and the claims presented here arise out of the same transaction; specifically the sale contract executed by Pryor and the City regarding the purchase and improvement of the houses and the North Capitol Avenue lots. Because a diligent plaintiff could have raised the present claims in the previous state action, Plaintiffs are barred from litigating those claims here.

### III. Conclusion

For the foregoing reasons, we **AFFIRM** the judgment of the district court.