# STATE OF MICHIGAN

# COURT OF APPEALS

FRANK BACON, GLORIA WRIGHT, PATRICK M. MACY, CHARLES SILVER, TERRY BAKER, KATHLEEN J. WHEELIHAN, and VICTOR A. AMATO,

        Plaintiffs-Appellees,

v

COUNTY OF ST. CLAIR, ST. CLAIR COUNTY ROAD COMMISSION, ST. CLAIR COUNTY COMMUNITY MENTAL HEALTH AUTHORITY, THE 31ST JUDICIAL CIRCUIT COURT, and ST. CLAIR COUNTY PROSECUTING ATTORNEY,

        Defendants-Appellants.

UNPUBLISHED
December 20, 2016

No. 328337
St. Clair Circuit Court
LC No. 13-101210-CZ

Before: GADOLA, P.J., and FORT HOOD and RIORDAN, JJ.

PER CURIAM.

Defendants appeal by leave granted[1] the trial court's order denying its motion for summary disposition in this breach of contract action. On appeal, defendants argue that the trial court erred in denying defendants' motion because plaintiffs' claims are barred by res judicata. We reverse.

This appeal presents a res judicata dispute in this action pertaining to health care benefits for retirees of St. Clair County. Plaintiffs represent a class of approximately 605 retirees covered by defendants' county retirement plan, which includes pension and health benefits for retirees. In 1945, the County enacted the St. Clair County Retirement System Ordinance (the Ordinance). As the statute existed at that point, retirees were only provided pension benefits. In 1976, the County approved a resolution amending the Ordinance to include retiree health benefits. The St. Clair County Employees Retirement Plan (the plan) included the specifics of the healthcare

---

[1] *Bacon v County of St Clair*, unpublished order of the Court of Appeals, entered September 15, 2015 (Docket No. 328337).

benefits provided. In addition, collective bargaining agreements (CBAs) were negotiated, which generally provided that employees were covered by the retirement plan.

In the 1990s, the County and unions negotiated a change to the plan. The pension multiplier was changed from 2.0% for all years of service to a sliding scale multiplier that increased depending on years of service (from 1.75% to 2.4%). However, eligibility for retiree health benefits had increased limitations. Individuals employed before the changes took effect were able to make an election to remain covered by the original plan (with a 2.0% pension multiplier) or to switch to the revised plan. According to plaintiffs, most individuals elected to remain covered under the old plan. At the time, the health care benefits under both plans included Blue Cross Blue Shield MVF-1 and a prescription drug rider with two-dollar prescription co-pay. This coverage remained the same for about 10 years.

In 2004, the County changed medical coverage to Community Blue PPO2. As a result, prescription co-pays increased. Plaintiffs alleged that this change was improperly applied to individuals who had already retired at the time of the change. An unsuccessful lawsuit was brought by the St. Clair County Retirees Association (the Association), but no individual retirees challenged the County. The Association did not appeal.

In 2012, the County's board of commissioners again amended the Ordinance and effectively reduced the retiree's health-care benefits. The county implemented BCBS Community Blue PPO 4, which resulted in a substantial shifting of costs away from the County and onto fixed-income retirees, including an increase in deductibles and co-pays. Plaintiffs filed this class action, alleging that the reduction in the retirees' health-care benefits violated collective bargaining agreements (CBAs) and was a breach of contract; violated constitutional guarantees against laws impairing the obligation of contracts; and improperly deprived them of vested property rights without compensation. Defendants subsequently filed a motion for summary disposition, asserting that plaintiffs' claims were barred by res judicata based on the 2004 action.

We review de novo a decision on a motion for summary disposition. *Adam v Bell*, 311 Mich App 528, 530; 879 NW2d 879 (2015); *Mich Head & Spine Inst, PC v State Farm Mut Auto Ins Co*, 299 Mich App 442, 446; 830 NW2d 781 (2013). When reviewing a motion under MCR 2.116(C)(7), we "must consider all affidavits, pleadings, and other documentary evidence submitted by the parties and construe the pleadings and evidence in favor of the nonmoving party." *Mich Head & Spine*, 299 Mich App at 446-447. The applicability of the legal doctrine of res judicata presents a question of law subject to de novo review. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).

"The doctrine of res judicata bars a subsequent action when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Id.* at 585 (footnotes and quotation marks omitted). Res judicata is intended "to ensure the finality of judgments and to prevent repetitive litigation." *Bergeron v Busch*, 228 Mich App 618, 621; 579 NW2d 124 (1998). Using due diligence, if a plaintiff should have brought the claim in the previous case, then res judicata will apply. *Estes*, 481 Mich at 585. Our Supreme Court "has taken a broad approach to the doctrine of res judicata, holding that it bars not only claims already

litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004). Thus, while the question of whether the same evidence was necessary "may have some relevance, the determinative question is whether the claims in the instant case arose as part of the same transaction as did [the plaintiff's] claims in" the original action. *Id*. at 125. "Whether a factual grouping constitutes a transaction for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in time, space, origin or motivation, [and] whether they form a convenient trial unit." *Id*. (citation and internal quotation marks omitted).

The parties do not dispute the existence of the first element of res judicata—that the first action was decided on the merits. Defendants' argument focuses on the existence of the second element—whether the matter contested in the second action was or could have been resolved in the first. Plaintiffs disagree, and further assert an alternative grounds for affirmance based on the lack of privity, the third element of res judicata.

We first address the identity of claims issue, which requires a closer look at the pleadings from the 2004 action brought by the Association. According to the bylaws, the purpose of the Association was "promoting and protecting the common welfare and retirement interest of the retired public employees of St. Clair County governmental units[.]" Representative class member Frank Bacon was President of the Association. Although plaintiffs do not dispute this fact, they argue that there was no record evidence to prove that Bacon, or any other plaintiffs, were members of the Association.

The 2004 complaint refers to the Ordinance as establishing the retirement system for County employees. The Association alleged that the Ordinance provided a contractual obligation. The Ordinance refers to the retirement plan, which sets forth the specific provisions of the healthcare benefits. In 2004, the concern centered, at least partially, on an increase of the two-dollar prescription co-pay, allegedly promised by the Ordinance and retirement plan. The Association alleged that County employees agreed to the retirement plan pursuant to CBAs. However, in 2004, the County amended the Ordinance and discontinued the two-dollar prescription co-pay. In the 2004 complaint, the Association first alleged that the elimination of the two-dollar prescription co-pay breached promises under the Ordinance. Second, the Association alleged that the County breached contracts made in the retirement plan and CBAs by eliminating the two-dollar prescription co-pay. Third, the Association alleged that the County made representations throughout contract negotiations that employees could rely on the benefits as set forth in the retirement plan, forming the basis of its claim for promissory estoppel. The Association further alleged that the elimination of the two-dollar prescription co-pay violated the Constitution.

In 2005, the trial court granted summary disposition to the County. The trial court issued a lengthy 13-page opinion. The trial court summarized the facts:

> Plaintiff contends that the County, by and through its Board of Commissioners, enacted a municipal ordinance to establish a retirement system for County employees. Plaintiff contends that the ordinance provides, in part, that medical insurance shall be provided to each retiree (and beneficiary), and requires a

benefit equal to the level "a prescription drug rider with two-dollar co-pay." Plaintiff contends that the retired employees, through collective bargaining or by their individual agreements with the County, agreed to terms and conditions of the St. Clair County Retirement Plan for the specific benefits provided for in the St. Clair County Retirement System.

While the specific benefits at issue are distinct, the facts are otherwise strikingly similar between the 2004 action and the current action. In its analysis, the court stated that "the first issue [was] whether the St. Clair County Employee's Retirement Plan contractually bound the County to provide specific health benefits." The court explained that the Ordinance provided that accrued financial benefits of the pension and retirement plans were a contractual obligation. The court, relying on *Studier v Mich Pub Scl Employees' Retirement Bd*, 472 Mich 642, 649; 698 NW2d 350 (2005), determined that accrued financial benefits did not include health care benefits. The court next addressed whether the health benefits as stated in the Ordinance were a contractual obligation. The court specifically noted that the Ordinance provided that the County "shall provide the levels of coverage stated in this section *or their equivalents*." The court further noted the strong presumption that ordinances do not create contractual rights. The court ultimately concluded that the Ordinance created no contractual relationship because the County had not surrendered its legislative powers. The court further noted that the 1976 resolution, which originally provided for retiree health care benefits, provided that the County could annually evaluate health care costs and recommendations regarding the budget could be made. The court then dismissed the first *and* second counts of the complaint, concluding that "the County did not breach a contract, nor violate the ordinance in passing the new resolution to provide a different health benefit including the prescription benefit." On the same basis, the court dismissed the constitutional claims and the promissory estoppel claims.

In this case, the trial court held that whether the amendments to the Ordinance violated plaintiffs' contractual rights under the CBAs was at issue. Specifically, the court was concerned about the retirees who elected the original plan, allegedly agreeing to accept a lower pension multiplier in exchange for the retention of health benefits. The trial court held that whether the CBAs created contractual rights, and the specific argument regarding the pension multiplier, was not addressed in the 2004 action, and not barred by res judicata. We disagree.

First, defendants are correct that res judicata bars both issues that were raised and those that could have been raised. *Estes*, 481 Mich at 585. After reviewing the lower court record, it is clear to us that in the former action the Association did indeed challenge whether the 2004 amendments to the Ordinance violated the CBAs. However, plaintiffs assert that because it was not addressed by the trial court, res judicata does not apply. It has been held that where an issue is raised but not decided and is not necessary to the decision at hand, res judicata does not bar it from being raised in a new suit. *Bacon v Detroit*, 282 Mich 150, 153; 275 NW 800 (1937).[2]

---

[2] See also *Loutts v Loutts*, 298 Mich App 21, 23-24; 826 NW2d 152 (2012) (appellate consideration of an issue raised before the trial court but not specifically decided by the trial court is not precluded).

However, we disagree that the trial court failed to address the issue, or that it was unnecessary to the 2005 decision. In the former action, the trial court held that the County had the power to amend the Ordinance, and the Ordinance created no contractual right. On that basis, the court specifically dismissed both Counts I and II of the Association's Complaint. Count I addressed whether there was a breach of contract regarding the Ordinance, whereas Count II addressed whether there was a breach of contract based on the CBAs and retirement plan. The court dismissed *both* counts based on its analysis, concluding that because the Ordinance did not create a contractual right, plaintiffs' contractual claim regarding the CBAs also failed. The Association filed no appeal. Thus, we believe that this issue was raised and decided in the first action.

Plaintiffs attempt to distinguish this case based on the difference in the specific change to the health care benefits. We are not persuaded. The crux of the issue is defendants' legal right to make changes to the health care benefits provided to retirees, not the specific changes made to the benefits. Plaintiffs claim that it defies logic that they would be forever barred from challenging health care changes based on 2004 action. While we will not go so far as to say that plaintiffs may never challenge changes to the health care benefits, they certainly should not be able to reassert the same breach of contract arguments every time a change is made.

Finally, we agree with defendants that even assuming the issue had not been raised in the trial court, it could have been. The Association, clearly aware of the argument regarding the CBAs as evidenced by the 2004 complaint, could have raised the issue in the former action. For the same reasons explained above, plaintiffs' constitutional claims and promissory estoppel claims were also barred by res judicata. Accordingly, the trial court erred in denying defendants' motion for summary disposition.

As an alternative ground for affirmance, plaintiffs assert that no privity existed between the current class members and the Association.[3] "To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert." *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 421; 733 NW2d 755 (2007), quoting *Adair*, 470 Mich at 122. Further, "[p]rivity between a party and a non-party requires both a substantial identity of interests and a working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation." *Phinisee v Rogers*, 229 Mich App 547, 553-554; 582 NW2d 852 (1998) (quotations marks and citations omitted). "In its broadest sense, privity has been defined as 'mutual or successive relationships to the same right of property, or such an identification of interest of one person with

---

[3] Defendants assert that plaintiffs would have needed to file a cross-appeal to raise this claim of error. An appellee is limited to the issues raised by the appellant unless he cross-appeals as provided in MCR 7.207. See *People v Farquharson*, 274 Mich App 268, 279; 731 NW2d 797 (2007). However, an appellee may argue alternative grounds for affirmance that do not enhance the decision for the appellee beyond that rendered by the trial court. *Vanslembrouck v Halperin*, 277 Mich App 558, 565; 747 NW2d 311 (2008). Because a determination by this Court that privity did not exist does not enhance the decision of the trial court, plaintiffs did not need to file a cross-appeal to assert this argument.

another as to represent the same legal right.' " *Id.* at 553, quoting *Sloan v Madison Heights,* 425 Mich 288, 295-296; 389 NW2d 418 (1986) (citation omitted).

Case law does suggest that a prior suit by a representative organization may establish privity. For instance, "[c]ourts have consistently held that where a union sues on behalf of represented employees the judgment entered in that suit acts as a bar to litigation brought by an individual represented employee at a latter time, if the same cause of action is asserted and if the employees' individual interests were represented in the first action." *York v Wayne Co Sheriff,* 157 Mich App 417, 425; 403 NW2d 152 (1987). See also *Senior Accountants, Analysts & Appraisers Ass'n v Detroit,* 60 Mich App 606; 231 NW2d 479 (1975) (individual members of labor organization and labor organization itself are the same for purposes of collateral estoppel).

Plaintiffs point out that there was no evidence to show that all plaintiff class members were members of the Association. Thus, the class members cannot be bound. However, in considering privity, the consideration is whether there is a "substantial identity of interests and a working or functional relationship." *Phinisee,* 229 Mich App at 553-554. Here, there is a substantial identity of interests. Indeed, almost identical claims were brought by the Association in 2004 and the plaintiff class in the current case. Further, while each individual class member may not have been a member of the Association, the interests of the non-parties were presented and protected by the Association. Indeed, the Association was formed to protect retired County employees. Moreover, there was at least some overlap between the Association and the current class. For instance, class representative Bacon was President of the Association. While plaintiffs assert that there is no evidence to support this fact, plaintiffs do not dispute its veracity. Additionally, as defendants point out, plaintiffs do not challenge the adequacy of the Association's advocacy in the former suit. For these reasons, we agree with the trial court that privity exists.

Reversed.

/s/ Michael F. Gadola
/s/ Karen M. Fort Hood
/s/ Michael J. Riordan