Hayes *v.* Orleans.

RICHARD T. HÀYES & another[1] *vs.* TOWN OF ORLEANS.

No. 93-P-922.

Barnstable. October 10, 1995. - January 24, 1996.

Present: WARNER, C.J., DREBEN, & IRELAND, JJ.

*Massachusetts Tort Claims Act. Res Judicata. Police*, Municipality's lia-
bility, Negligence. *Constitutional Law*, Municipalities. *Jurisdiction*,
Pendent jurisdiction.

Plaintiffs who had brought in Federal court an unsuccessful State and
    Federal tort action were barred by the doctrine of res judicata from
    bringing in State court a subsequent negligence action arising from the
    same facts against a municipality under the Massachusetts Tort Claims
    Act, G. L. c. 258, § 2, where the Federal court had or could have had
    pendent jurisdiction over the c. 258 claim [684-686], and it was not
    clear that the Federal court would have declined, as a matter of discre-
    tion, to exercise such jurisdiction [686-687].
There was no merit to plaintiffs' claim that there was inequity in applying
    the doctrine of res judicata to bar their action brought in State court.
    [687]

CIVIL ACTION commenced in the Superior Court Depart-
ment on September 1, 1987.

The case was heard by *John M. Xifaras*, J., on a motion
for summary judgment.

*Robert S. Leo* for the plaintiffs.

*Samuel Perkins* for the defendant.

DREBEN, J. The issue before us in this negligence action
against the town under G. L. c. 258, § 2, is whether, as the
motion judge ruled, the plaintiffs' action is barred on princi-
ples of res judicata by a prior judgment in the Federal court.
We hold that summary judgment properly entered for the
defendant.

---

[1]Laurie Hayes.

The complaint in the Federal action, filed by the plaintiffs on December 18, 1986, alleged that on or about September 14, 1985, two police officers of the town of Orleans illegally placed the plaintiffs in protective custody and, during such custody, assaulted and beat them. As a result, the plaintiffs claimed, the defendant town and the officers were liable to the plaintiffs for "assault, battery, false imprisonment, false arrest, intentional infliction of mental distress, and violation of their civil rights under 42 U.S.C. 1983." The Federal complaint did not allege any claim against the town under G. L. c. 258, § 2. On July 13, 1988, the town's motion for summary judgment was allowed, presumably on the basis of *Monell* v. *New York City Dept. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (municipality cannot be held liable under 42 U.S.C. § 1983 on a respondeat superior theory).[2] The remaining actions were tried later in July, 1988, and a jury returned a verdict for the two officers, both on the plaintiffs' claims of Federal civil rights violations and on their State law claims.

Prior to the entry of judgments in the Federal case, the plaintiffs, on September 1, 1987, brought this action against the town under the Massachusetts Tort Claims Act, G. L. c. 258, § 2, claiming negligence and negligent infliction of mental distress by reason of the actions of the same police officers placing the plaintiffs in protective custody on the same date as alleged in the Federal complaint.

The plaintiffs recognize that the principles of res judicata are implicated, but they argue that they come within exceptions to that doctrine. The general rule — the Federal rules of res judicata are here applicable, see *Anderson* v. *Phoenix Inv. Counsel of Boston, Inc.*, 387 Mass. 444, 449 (1982), — is that "if a set of facts gives rise to a claim based on both State and Federal law, and the plaintiff brings the action in a Federal court which had 'pendent' jurisdiction to hear the State claim but the plaintiff declines to assert such State

---

[2]The plaintiffs appealed from the judgment for the town. It was affirmed. Neither the order allowing summary judgment nor the opinion of the Court of Appeals is contained in the record before us.

claim, he may not subsequently assert the State ground in a State court action." *Id.* at 450. *Kale* v. *Combined Ins. Co.*, 924 F.2d 1161, 1166 (lst Cir.), cert. denied, 502 U.S. 816 (1991). Restatement (Second) of Judgments § 25 comment e, illustration 10 (1982).

"The exception to this rule is that if the Federal court in the first action would clearly not have had jurisdiction to hear the State claim or, if having jurisdiction, clearly would have declined to exercise it as a matter of discretion, then a second action in a State court should not be precluded." *Anderson* v. *Phoenix Inv. Counsel of Boston, Inc.*, 387 Mass. at 450. The plaintiffs attempt to come under both prongs of the exception.

1. First the plaintiffs argue that § 2 of G. L. c. 258 provides the exclusive remedy against the public employer and, relying on *Irwin* v. *Commissioner of the Dept. of Youth Servs.*, 388 Mass. 810, 816-821 (1983), claim that such suits may only be brought in the Superior Court. In *Irwin*, the Supreme Judicial Court noted that in enacting the Tort Claims Act, the Legislature was responding to *Morash & Sons* v. *Commonwealth*, 363 Mass. 612, 619-624 (1973), and *Whitney* v. *Worcester*, 373 Mass. 208 (1977), and that § 3 of the Act, as did its predecessors, conferred jurisdiction on the Superior Court. Although the Legislature did not include the words "exclusive jurisdiction" in § 3, the *Irwin* court held the omission to be an "insufficient basis to infer therefrom [Legislative] consent to suit in Federal courts . . ." *id.* at 819-820. Although the State had waived sovereign immunity in State court, it had not done so in Federal court. The plaintiffs argue that the rationale of *Irwin* leads to the conclusion that the exclusive jurisdiction of the Superior Court over G. L. c. 258 claims also extends to actions against municipalities, and that common law sovereign immunity protects cities and towns as well as the State from suit in Federal courts.

The flaw in their argument is that only by reason of the Eleventh Amendment to the United States Constitution is the State protected from suit in the Federal courts. Munici-

palities do not share the same immunity; the Eleventh Amendment does not extend to cities and towns. *Lincoln County* v. *Luning*, 133 U.S. 529, 530 (1890). *Will* v. *Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989). *Markham* v. *Newport News*, 292 F.2d 711, 716 (4th Cir. 1961).

> "The laws of a state cannot enlarge or restrict the jurisdiction of the federal courts or those of any other state. It necessarily follows that whenever a state provides a substantive right and a remedy for its enforcement in a judicial proceeding in any state court, a judicial controversy involving the right may be adjudicated by a United States District Court if it has jurisdiction under the Constitution and laws of the United States." *Id.* at 716.

> "In determining its own jurisdiction, a District Court of the United States must look to the sources of its power and not to acts of states which have no power to enlarge or to contract the federal jurisdiction." *Id.* at 713.

See also *Schultz* v. *Greater New Orleans Expressway Commn.*, 250 F. Supp. 89, 93 (E.D. La. 1966) (provision in Louisiana Constitution that suits against governmental bodies be brought in Louisiana State courts would only apply to the State itself and is ineffective against other political subdivisions).

Since the Federal court had pendent jurisdiction over the G. L. c. 258 claim, *Hurn* v. *Oursler*, 289 U.S. 238, 243-247 (1933); *United Mine Workers* v. *Gibbs*, 383 U.S. 715, 725 (1966), the plaintiffs' argument of lack of jurisdiction fails. See *Duffy* v. *Sarrault*, 702 F. Supp. 387, 394 (D. R.I. 1988), aff'd, 892 F.2d 139, 147 (1st Cir. 1989) (Federal court could exercise pendent jurisdiction over a claim of violation of State law although State statute [open meeting law] only authorized complaints to be filed in Rhode Island Superior Court). See also Glannon, Recovery for Civil Rights Violations in Massachusetts: A Comparison of Section 1983 with State Tort Remedies, 18 Suffolk U.L. Rev. 247, 253 & n. 29

(1984). See generally 17 Wright, Miller, & Cooper, Federal Practice and Procedure § 4211 (1988 & 1995 Supp.).

2. The plaintiffs also claim that the Federal court lacked pendent jurisdiction as the six month waiting period of administrative presentment (c. 258, § 4) had not expired when the Federal action was filed. This contention ignores the fact that the plaintiffs could have amended their action after the six month period had expired. Their voluntary choice of timing and their failure to amend cannot be permitted to subvert the strong policy underlying the doctrine of res judicata. As pointed out in *Kale* v. *Combined Ins. Co.*, 924 F.2d at 1168, quoting from *Federated Dept. Stores, Inc.* v. *Motie*, 452 U.S. 394, 401 (1981), "the doctrine of *res judicata* is no mere matter of practice or procedure but a rule of fundamental and substantial justice, of public policy and of private peace, which should be cordially regarded and enforced by the courts."

3. Contrary to the plaintiffs' assertion, the Federal court was not obligated to deny jurisdiction of the State claim against the town after the Federal claim against it was dismissed. "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion." *United Mine Workers* v. *Gibbs*, 383 U.S. at 726. The general, but not mandatory, rule is that "in the usual case in which *all* federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ.* v. *Cohill*, 484 U.S. 343, 350 n.7 (1988). (Emphasis supplied.) Not only is the usual rule not inflexible, cf. *Newman* v. *Burgin*, 930 F.2d 955, 963 (lst Cir. 1991) (weighing whether there was an abuse of discretion in dismissal of pendent State claims against a professor even after all Federal claims were dismissed against the university and its officials), it is probably inapplicable here. All the Federal claims were not dismissed before trial; after dismissal of the Federal claims against the town, there remained both Federal and State claims against

the officers. "Whether the Federal court definitely, or even probably, would have entertained the [c. 258] action is not . . . the question. Rather, 'unless it is clear that the federal court would have declined as a matter of discretion to exercise pendent jurisdiction . . . the state action is barred.'" *Anderson* v. *Phoenix Investment Counsel of Boston, Inc.*, 387 Mass. at 451-452, quoting from Restatement (Second) of Judgments § 25 comment e, illustration 10. The required clarity has here not been shown.[3]

4. The plaintiffs' final claim is that it is inequitable to apply res judicata to them since the defense was raised so late in the action. The defense could not have been raised in the answer, see Mass.R.Civ.P. 8, 365 Mass. 749 (1974), as the defendant's answer to the plaintiffs' amended complaint was filed before judgment entered in the Federal action. See *Browne* v. *Moran*, 300 Mass. 107, 111-112 (1938). Moreover, and as stated in *Kale* v. *Combined Ins. Co.*, 924 F.2d at 1168:

> "Any idiosyncratic unfairness that may result from the consistent and straightforward application of preclusion principles is, we think, far outweighed by the systemic benefits which flow from steadfast adherence to so salutary a doctrine."

There is here no unfairness; the splitting of the plaintiffs' claims was voluntary and they were fully aware of them.

*Judgment affirmed.*

---

[3]The plaintiffs have not raised the question of pendent party jurisdiction. We are aware that prior to the passage of 28 U.S.C.A. § 1367 in 1990, there were doubts about the scope of such jurisdiction. Those doubts may be here applicable even though the town was originally a party. See *Aldinger* v. *Howard*, 427 U.S. 1 (1976); *Finley* v. *United States*, 490 U.S. 545 (1989). See generally 13B Wright, Miller, & Cooper, Federal Practice and Procedure §§ 3567.2, 3567.3 & n.12 (1984 & 1995 Supp.). While the new statute applies only to actions commenced after December 1, 1990, "where there are nice questions about what the law in this area was before the adoption of the statute, courts may well think that the expression by Congress of what it regards as wise policy in the ordering of the courts is a useful guide to the result that ought to be reached." *Ibid.*