# United States Court of Appeals
## For the First Circuit

No. 06-2467

ÁNGEL O. ALVARADO AGUILERA, EMMA I. BÁEZ LÓPEZ, IRIS Y.
BLANCO RESTO, GLORIA I. CÁLIZ PABELLÓN, VIRGEN DEL S.
COLÓN GONZÁLEZ, DEBORAH ORTIZ PÉREZ, DAPHNE Y. PAGÁN
ORTIZ, BRENDA E. PAGÁN RIVERA, MAGDA E. QUIRÓZ PAGÁN,
MIGUEL RODRÍGUEZ GONZÁLEZ, LUIS A. RODRÍGUEZ ORTIZ,
ARIADNE RODRÍGUEZ VELÁZQUEZ, ANNETTE SAEZ VARGAS, OLGA J.
SALDAÑA TORRES, and EMMA L. TORRES SANTIAGO,

Plaintiffs, Appellants,

v.

JOSÉ R. NEGRÓN, ALBA N. CORA, and CARMEN GONZÁLEZ FUSTER,
all in their personal capacities,

Defendants, Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Dominguez, U.S. District Judge]

Before

Lipez, Circuit Judge,
Baldock,[*] Senior Circuit Judge,
and Howard, Circuit Judge.

Julio Nigaglioni Arrache on brief for appellants.[**]
Susana I. Peñagarícano-Brown, Assistant Solicitor
General, with whom Salvador J. Antonetti-Stutts, Solicitor

---

[*] Of the Tenth Circuit, sitting by designation.

[**] Mr. Nigaglioni Arrache failed to appear for oral
argument. In his absence, the Court chose to hear the
appellees' argument in accordance with Fed. R. App. P.
34(e).

General, Mariana D. Negrón-Vargas, Deputy Solicitor General, and Maite D. Oronoz-Rodríguez, Deputy Solicitor General, were on brief for appellees.

————————————

December 5, 2007

————————————

**BALDOCK, <u>Senior Circuit Judge</u>**.  The district court disposed of the present case via a motion to dismiss, concluding that plaintiffs' complaint failed to state a claim upon which relief could be grated.  <u>See</u> Fed. R. Civ. P. 12(b)(6). Our review of a Rule 12(b)(6)dismissal is de novo.  <u>See</u> <u>Diaz-Ramos</u> v. <u>Hyundai Motor Co.</u>, 501 F.3d 12, 15 (1st Cir. 2007).  "[W]e, like the district court, must assume the truth of all well-plead facts and give the plaintiff[s] the benefit of all reasonable inferences therefrom."  <u>Ruiz</u> v. <u>Bally Total Fitness Holding Corp.</u>, 496 F.3d 1, 5 (1st Cir. 2007).  Consequently, we proceed to summarize the facts of this case as they appear in plaintiffs' complaint.  <u>See</u> <u>id.</u> at 4.

### I.

From October 1998 to January 2003, the Commonwealth of Puerto Rico's Administration of Juvenile Institutions (AJI) contracted with Southwest Key Program (Southwest) to run the Ponce Detention and Training School Center for Girls. Plaintiffs served as custody officers or technicians in the Ponce Detention Center during this period.  In January 2003, the AJI decided to reassume direct responsibility for the center's operations.  On January 17, 2003, Defendant Negrón, who served as the AJI's administrator, came to the center and met with Southwest's employees.  At this meeting, Negrón

-3-

informed Southwest's employees that they would be able to continue working at the center under temporary government appointments. Thereafter, Negrón assured Southwest's employees that they would receive permanent appointments to government positions at the center.

Plaintiffs did receive temporary appointments to their prior positions. These appointments commenced on January 17, 2003, and ended on June 30, 2003. Although plaintiffs did not receive further temporary appointments, they continued working at the center until April 2004. During this interim period, plaintiffs applied for permanent government positions with the AJI. Despite Defendant Negrón's promise that they would receive permanent government positions at the center, plaintiffs were terminated on April 30, 2004.

Plaintiffs argue that Defendant Negrón's promise gave them a legitimate claim of entitlement to permanent government employment under Puerto Rico law. In addition, plaintiffs claim a right, under Commonwealth law, to notification of the identities of the individuals who were ultimately placed in the permanent positions for which they applied. Plaintiffs claim that the Commonwealth's failure to grant them permanent positions of employment at the center, or notify them of the identity of the individuals

selected to replace them, amounts to a procedural and substantive violation of the Due Process Clause of the Fourteenth Amendment.

## II.

To survive a motion to dismiss, a complaint must establish "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1967 (2007). Plaintiffs claim the Commonwealth violated their rights under the Due Process Clause of the Fourteenth Amendment. In order to state a valid claim for a procedural or substantive violation of the Due Process Clause, plaintiffs must "exhibit a constitutionally protected interest in life, liberty, or property." Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 8 (1st Cir. 2005). In this case, plaintiffs assert a violation of their "proprietary rights." Property interests are created and defined by "existing rules or understandings that stem from an independent source such as state law."[1] Hatfield-Bermudez v. Aldanondo-Rivera, 496 F.3d 51, 59 (1st Cir. 2007). In order to qualify as a property interest, state law must give an "individual a legitimate claim of entitlement to some sort of benefit." Id.

---

[1] "For purposes of section 1983, Puerto Rico is the functional equivalent of a state." Pagan v. Calderon, 448 F.3d 16, 31 n.6 (1st Cir. 2006).

A.

We first address plaintiffs' claim that Negrón's promise gave them a property interest in a permanent position of government employment. Puerto Rico law provides for the appointment of temporary or "transitory employees." Dept. of Natural Res. v. Correa, 18 P.R. Offic. Trans. 795, 801 (1987). A transitory employee does not have a "legitimate job retention expectancy once his appointment expires." Id. at 804. The question in this case is whether Negrón's promise effectively altered the status quo. See id. (inquiring whether a transitory government employee's "particular circumstances" gave him "a legitimate expectancy of continuity" in his job).

In Correa, the Supreme Court of Puerto Rico answered this question. In that case, the Court found an employee who was given several temporary appointments, as well as a promise of permanent employment, did not have a legitimate expectation of continued employment with a government agency. See id. at 805-06. Reasoning the employee was "aware of the fact that the position he occupied was transitory," the Court concluded that "[a] simple offer of a permanent position without any action on the part of the government agency clearly showing an agreement to make good on the promise cannot, by itself, give [an employee]

anything beyond a unilateral expectation of job retention." Id. at 806.

The Supreme Court of Puerto Rico's holding in Correa clearly demonstrates that Negrón's promise did not give plaintiffs a legitimate claim of entitlement to a permanent government position under Puerto Rico law. See Ruiz-Roche v. Lausell, 848 F.2d 5, 8 (1st Cir. 1988) (stating that a "naked-and vague-promise" of a permanent position "was not enough," under Puerto Rico law, to give a plaintiff "a legitimate expectation of continued employment" with the Commonwealth). The agency's invitation to plaintiffs to fill out applications for permanent employment, as alleged in the complaint, did not indicate the agency's intent to make good on Negrón's promise. Therefore, plaintiffs' attempt to distinguish Correa is unavailing.

## B.

We now turn to plaintiffs' argument that Puerto Rico law gave them a property interest in notification of the identity of the candidates selected to fill the permanent positions for which they applied. Assuming Puerto Rico law provides plaintiffs a procedural right to such notification, the "simple fact that state law prescribes certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension." Slotnick v. Staviskey,

560 F.2d 31, 34 (1st Cir. 1977). On the contrary, the Supreme Court has clearly held that the "categories of substance and procedure are distinct." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985). "'Property' cannot be defined by the procedures provided for its deprivation . . . ." Id. Plaintiffs' allegation that they were deprived of a right to a notification procedure related to their termination thus fails to amount to an allegation of a property interest protected by the Due Process Clause of the Fourteenth Amendment.

## III.

Plaintiffs' complaint fails to allege facts sufficient to establish they possessed a constitutionally protected property interest. Accordingly, plaintiffs have failed to assert a "plausible entitlement to relief" under the Due Process Clause of the Fourteenth Amendment. Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007). The district court, therefore, properly granted defendants' motion to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

**AFFIRMED.**