# United States Court of Appeals
## For the First Circuit

No. 08-1067

PAUL S. GIRAGOSIAN,

Plaintiff, Appellant,

v.

FREDERICK RYAN and TOWN OF ARLINGTON, MA,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Torruella, Baldock,[*] and Lipez,
Circuit Judges.

Dean Carnahan for appellant.
Edward M. Marlenga for appellees.

November 10, 2008

[*]Of the Tenth Circuit, sitting by designation.

**BALDOCK**, **Circuit Judge**.  Appellant Paul Giragosian owned and operated a gun shop in Arlington, Massachusetts for approximately thirty-one years.  In March 2007, Arlington's Chief of Police, Frederick Ryan, revoked and forfeited appellant's licenses to carry and sell firearms.  Subsequently, appellant filed a 42 U.S.C. § 1983 suit in federal district court alleging that Ryan and the Town of Arlington violated his rights under the Fourth and Fourteenth Amendments.  The district court granted appellees' motion to dismiss.

The issues before us on appeal are (1) whether appellant's § 1983 claims are barred by res judicata, and (2) whether the district court erred by converting appellees' motion to dismiss into a motion for summary judgment.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm on the basis of claim preclusion.[1]

I.

In addition to selling firearms at his gun shop in Arlington, Massachusetts, appellant conducted training sessions on the use of firearms.  In January 2007, while appellant was training a customer to use a handgun, the customer intentionally shot himself in the head, dying as a result of the wound.

---

[1]  Appellant also argues the district court erred in ruling that he failed to state a cause of action under the Fourth and Fourteenth Amendments.  We do not address this issue, however, because we hold that appellant's federal action is barred by the doctrine of res judicata.

On the same day of the incident, the Arlington Police Department conducted an investigation and concluded that appellant was not at fault for the customer's suicide. One day later, appellee Frederick Ryan, Arlington's Chief of Police, suspended appellant's licenses to carry and sell firearms, pursuant to Massachusetts General Laws chapter 140, pending further investigation by the Arlington Police Department and the Middlesex County District Attorney's Office. Ryan also requested that the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") investigate appellant's business for any potential violations of federal law.

Appellant subsequently challenged the suspension of his licenses in Massachusetts state court. In March 2007, after the Arlington Police Department and the Middlesex District Attorney completed their investigations confirming that appellant was not at fault for the customer's suicide, the Cambridge District Court granted appellant's request to vacate the license suspensions.

Rather than reinstating the licenses, Ryan sent a letter to appellant revoking appellant's licenses to carry firearms and forfeiting his dealer licenses. Ryan's letter listed several reasons for the revocations and forfeitures, including, but not limited to, (1) failure to report stolen firearms, (2) failure to undergo a firearms safety instructor course mandated by the Massachusetts state court following a similar customer suicide in

2002, and (3) various violations of state and federal law found during the ATF investigation requested by Ryan.[2]

In April 2007, appellant filed a § 1983 action in federal district court alleging Ryan and the Town of Arlington violated his Fourth Amendment right to be free from unreasonable searches and seizures, as well as his Fourteenth Amendment due process rights. Appellant sought reinstatement of his firearms licenses pursuant to Massachusetts law and damages under § 1983. One day later, appellant filed a separate action in state court also seeking reinstatement of his firearms licenses.

In May 2007, as the state and federal actions proceeded simultaneously, appellant filed a motion in federal district court for a temporary restraining order ("TRO") to enjoin the state court from ruling until the conclusion of the federal case. Appellant argued that the state court judge "greeted Defendant Ryan with an excess of cordiality," demonstrating the state court's "bias and favoritism" towards Ryan. The district court denied appellant's motion.

In June 2007 the state court refused reinstatement of appellant's licenses, finding "sufficient grounds to conclude that

---

[2] The ATF report noted that appellant (1) manufactured ten firearms without a manufacturing license, (2) failed to contact the FBI for a background check prior to the sale of six firearms, (3) failed to report the sale of multiple handguns to three individuals, and (4) failed to properly document the gun shop's and appellant's personal inventory of firearms.

-4-

the decision of [Ryan] in revoking [appellant's] firearms licenses was reasonable and not arbitrary, capricious or an abuse of discretion." See Giragosian v. Ryan, No. 07-10730 (Mass. Dist. Ct. June 7, 2007). Following the state-court's ruling, a federal magistrate judge requested supplemental briefing from the parties regarding the state-court judgment's effect on appellees' pending motion to dismiss. Appellees' argued in their supplemental memorandum that the state-court judgment barred appellant's federal cause of action pursuant to the doctrine of res judicata (both issue and claim preclusion). Appellant argued the federal district court should ignore the state-court judgment because of the state court judge's lack of impartiality and numerous errors of law.

In August 2007, the federal magistrate judge recommended the district court grant appellees' Rule 12(b)(6) motion to dismiss. The magistrate judge ruled (1) issue preclusion barred the federal district court from reexamining whether Ryan's actions were arbitrary, capricious, or an abuse of discretion, (2) the post-deprivation review process available in state court provided appellant adequate process, and (3) qualified immunity shielded Ryan and the Town of Arlington from suit. The district court rejected the magistrate judge's recommendation as to qualified immunity. The district court ruled that the federal magistrate judge relied on information outside the four corners of the complaint in finding qualified immunity. Thus, that issue could

-5-

only be resolved on a motion for summary judgment. The district court, however, agreed with the magistrate judge's conclusion that appellant failed to "state a cause of action for a violation of due process rights under the Fourteenth Amendment to the Constitution or Fourth Amendment rights." Accordingly, the district court granted appellees' motion to dismiss.

## II.

The issues we address on appeal concern the legal sufficiency of appellant's complaint. Our review, therefore, is de novo. See Torromeo v. Town of Freemont, 438 F.3d 113, 115 (1st Cir. 2006). We, like the district court, assume the truth of all well-pled facts and give appellant the benefit of all reasonable inferences drawn therefrom. See Alvarado Aguilera v. Negrón, 509 F.3d 50, 52 (1st Cir. 2007).

## A.

We first consider whether appellant's § 1983 action is barred by the doctrine of res judicata. "Disposition of [a] federal action, once [a] state-court adjudication is complete, [is] governed by preclusion law." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005). "Under the full faith and credit statute, 28 U.S.C. § 1738, a judgment rendered in a state court is entitled to the same preclusive effect in federal court as it would be given within the state in which it was rendered." In re Sonus Networks Inc., 499 F.3d 47, 56 (1st Cir. 2007) (citing

Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984)). Therefore, we look to Massachusetts law to determine the preclusive effect of the state-court judgment. Id.

In Massachusetts, res judicata encompasses both claim preclusion and issue preclusion. Id. (citing Kobrin v. Bd. of Registration in Med., 832 N.E.2d 628, 634 (Mass. 2005)). Claim preclusion prevents the relitigation of all claims that a "litigant had the opportunity and incentive to fully litigate . . . in an earlier action." Id. Massachusetts evaluates three elements under the doctrine of claim preclusion: "(1) the identity or privity of the parties to the present and prior actions; (2) identity of the cause[s] of action; and (3) a prior final judgment on the merits." McDonough v. City of Quincy, 452 F.3d 8, 16 (1st Cir. 2006). When assessing the second element of claim preclusion, Massachusetts courts find "[c]auses of action [to be] identical if they 'derive[] from the same transaction or series of connected transactions.'" Id. (quoting TLT Const. Corp. v. A. Anthony Tappe & Assoc., 716 N.E.2d 1044, 1052 (Mass. App. Ct. 1999)).

While Massachusetts' case law does not directly address the relevance of the order in which parallel actions are filed, the general rule is that "when two actions are pending which are based on the same claim, or which involve the same issue, it is the final judgment first rendered in one of the actions which becomes conclusive in the other action . . ., regardless of which action

was first brought." Restatement (Second) of Judgments § 14, cmt. a (1982); see also Blair v. Equifax Check Servs., Inc., 181 F.3d 832, 838 (7th Cir. 1999) ("When the cases proceed in parallel, the first to reach judgment controls the other, through claim preclusion (res judicata)."); Hoque v. Royse City, 939 F.2d 1249, 1255 (5th Cir. 1991) ("[B]ecause a later-filed claim can be preclusive of an earlier-filed claim, simultaneous filing of multiple claims in different forums based on the same cause of action will not avoid the application of res judicata.").

While parallel litigation may force a court to "recognize the claim- and issue-preclusive effects of a state-court judgment, . . . federal jurisdiction over an action does not terminate automatically on the entry of judgment in the state court." Exxon Mobil, 544 U.S. at 293 (internal quotation omitted). Application of res judicata "should be addressed from the perspective of fairness and efficient judicial administration since the doctrine of claim preclusion is not applied rigidly where such interests would not be served." Tinkham v. Jenny Craig, Inc., 699 N.E.2d 1255, 1258 (Mass. App. Ct. 1998).

With such concerns in mind, we proceed to consider the applicability of claim preclusion to the present case.[3] Following

---

[3] While the district court dismissed appellant's suit on alternate grounds, we focus our discussion on claim preclusion. See Cook v. Gates, 528 F.3d 42, 48 (1st Cir. 2008) ("In reviewing a Rule 12(b)(6) dismissal, 'we are not wedded to the [district] court's rationale and may affirm an order of dismissal on any basis

the revocations and forfeitures of his various licenses, appellant chose to pursue relief in both state and federal court. Of course, appellant could have pursued all of his claims in a single suit in either forum. In his federal complaint and subsequent memoranda in opposition to appellees' motion to dismiss, appellant requested the federal court exercise pendent jurisdiction over appellant's state claim (the review for reasonableness of the license revocations pursuant to Mass. Gen. Laws ch. 140 § 131(f) and § 122). Appellant also admitted at oral argument that he could have filed his § 1983 claim in state court. Accordingly, we employ Massachusetts' three part test to determine whether claim preclusion applies. See McDonough, 452 F.3d at 16.

All three elements required for claim preclusion under Massachusetts law are easily satisfied here. First, the identity of the parties in the state and federal actions are the same. See id. Second, the facts described in both the state and federal complaints are identical, leaving no doubt that the two causes of action "derive[] from the same transaction or series of connected transactions." Id. In other words, the only transaction at issue in both the state and federal actions is Ryan's revocation and forfeiture of appellant's licenses. Third, prior to the conclusion of the federal proceeding, the state court issued a "final judgment

---

made apparent from the record.'" (quoting McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006))).

-9-

on the merits" when it determined that Ryan reasonably revoked appellant's firearms licenses. Id.

Appellant appears to have recognized the potential problem with pursuing simultaneous actions in state and federal court, as he requested a TRO from the district court enjoining a possible state-court judgment. Appellant similarly requested the state court delay its decision until the conclusion of his federal action. At the very least, appellant understood that a federal court would not be able to reinstate his licenses, under state law, if the state court first rendered its own decision.

In support of his TRO, appellant argued he was concerned about bias because of the state court judge's cordial reception of Ryan at the initial state-court proceeding. Such a slight and subjective concern does not warrant disregard for a prior, valid, state-court judgment. We have already rejected the notion that "'distrust of state courts . . . would justify a limitation on the preclusive effect of state judgments.'" Willhauck, v. Halpin, 953 F.2d 689, 705 (1st Cir. 1991) (quoting Migra, 465 U.S. at 84). Instead, "notions of comity, the need to prevent vexatious litigation, and a desire to conserve judicial resources" guide our analysis. Migra, 465 U.S. at 84.

Appellant had a full and fair opportunity to litigate his § 1983 claim in state court. See Mulrain v. Bd. of Selectmen, 944 F.2d 23, 26 (1st Cir. 1991) (federal court dismissed case noting

the plaintiff could have raised both his § 1983 and state law claims in state court). Alternatively, appellant could have pursued relief solely in federal court. See Mancuso v. Kinchla, 806 N.E.2d 427, 439 (Mass. App. Ct. 2004) (state court dismissed case noting that both state and federal claims could have been brought in federal court). Permitting appellant to litigate his claims in federal court at this juncture would frustrate the purposes of claim preclusion, which are to "protect 'against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" Taylor v. Sturgell, 128 S.Ct. 2161, 2171 (2008) (quoting Montana v. United States, 440 U.S. 147, 153-54 (1979)).

Because appellant voluntarily proceeded in both forums, he is now subject to the consequences of claim preclusion. No unfairness attends this result as "the splitting of [appellant's] claims was voluntary" and appellant was "fully aware of them." Hayes v. Town of Orleans, 660 N.E.2d 383, 387 (Mass. App. Ct. 1996). We hold, therefore, that appellant's § 1983 claims against Ryan and the Town of Arlington are barred by the doctrine of res judicata.

B.

Appellant argues the district court improperly converted his motion to dismiss into a motion for summary judgment without

-11-

providing adequate notice and an opportunity to be heard. When ruling on a Rule 12(b)(6) motion to dismiss, a district court is generally limited to considering "facts and documents that are part of or incorporated into the complaint." Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008). These limitations, however, are not absolute. A district court may also consider "documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice." In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 20 (1st Cir. 2003). If the district court relies on other material outside the complaint, not subject to the qualifications listed above, it must convert a motion to dismiss into a motion for summary judgment. Trans-Spec Truck Serv., 524 F.3d at 321. Before such a conversion occurs, however, parties must have a "'reasonable opportunity to present all material made pertinent to such a motion.'" Clorox Co. P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 31 (1st Cir. 2000) (quoting Fed. R. Civ. P. 12(b)). Conversion is improper if it "would come as a 'surprise' or be 'unfair' to the party against whom judgment is rendered." Id. (citing Chaparro-Febus v. International Longshoreman Ass'n, Local 1575, 983 F.2d 325, 332 (1st Cir. 1992)).

Appellant argues the district court improperly considered materials outside of the complaint in ruling on his motion to dismiss. Appellant contends the district court should not have

considered, absent a summary judgment hearing, (1) the ATF report outlining appellant's violations of law, and (2) appellant's rebuttal to the Rule 12(b)(6) motion. We need not consider whether the district court properly referenced these documents, however, because we have dismissed appellant's claims on the basis of res judicata. The only materials necessary to support this ruling are the documents pertaining to the state-court judgment against appellant.

A court may consider matters of public record in resolving a Rule 12(b)(6) motion to dismiss. In re Colonial Mortgage, 324 F.3d at 15-16. Matters of public record ordinarily include "documents from prior state court adjudications." Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 60 (1st Cir. 2000). Further, use of the state-court judgment is not a "surprise" or otherwise "unfair." Appellant was aware the federal magistrate judge was considering the state-court documents and he was given an opportunity to present material pertinent to the documents' effect on his federal action. Thus, consideration of the state-court judgment in this case is entirely proper.

For the foregoing reasons, the judgment of the district court is affirmed.